584 A.2d 289

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lawrence E. STARK, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 25, 1990.

Decided Dec. 21, 1990.

1

Shelley Stark, Chief–Appellate Div., Mitchell A. Kaufman, Appellate Counsel, Office of the Public Defender, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

LARSEN, Justice.

In this appeal we are presented with the issue of whether a trial court may, during sentencing, change a previously rendered verdict of guilty to one of not guilty.

Appellant, Lawrence Stark, was charged with the crimes of terroristic threats and simple assault.[1] At the close of the evidence at appellant's bench trial, the following exchange took place:

THE COURT: All right. Bring the defendant forward.

THE DEFENDANT: Sir, can I say something?

THE COURT: I think you better talk through your counsel. That's the way I operate in this courtroom.

THE DEFENDANT: I was trying to, sir.

THE COURT: You better talk to her, and whatever she wants to relate to the Court she will.

[DEFENSE COUNSEL]: Your Honor, Mr. Stark has indicated that he wishes to—he still wanted to have [a witness] to testify on his behalf, and he will corroborate—

THE COURT: All right. We'll set the bond at $10,000 straight, and we'll continue the case until he finds his witness; all right? Bring the sheriff in to take him down. We'll continue it. We'll give him a date. The bond is $10,000 straight. You're looking at a probation case. If you want to play games, we'll continue the case until you find the witness. You're a big boy. What are you crying for now?

THE DEFENDANT: They really jumped me sir.

THE COURT: You don't have the right to go get a knife sir. There's no justification for that. Either you want to abide by my decision, or we'll grant you a postponement.

THE DEFENDANT: I'll abide by your decision.

THE COURT: All right, I find you guilty as to Count One [terroristic threats] and not guilty as to Count Two [simple assault]. You're filing postverdict motions, or do you want to waive that and proceed directly to sentencing? This is a probation case.

[DEFENSE COUNSEL]: Yes, Your Honor. Your Honor, the District Attorney is asking for a deadly weapons enhancement—

1. 18 Pa.C.S. § 2706 and 18 Pa.C.S. § 2701(a)(1), respectively.

4

THE COURT: He's not going to get it. I only found him guilty of terroristic threats.

[DEFENSE COUNSEL]: We would proceed today Your Honor.

THE COURT: All right. What's the Commonwealth have in terms of sentencing?

[ASSISTANT DISTRICT ATTORNEY]: Your Honor, the prior record score is 13. It's based on four prior burglaries.

THE COURT: You can't have a prior record score of 13.

[ASSISTANT DISTRICT ATTORNEY]: Well it's six because that's the highest you can go. Otherwise it would be a 13.

THE COURT: Don't fabricate something for the Court. This is a case that probably should have been settled at the Magistrate's office; all right? You're wasting a lot of time and·money, the citizens' money for these kind of cases that should have been resolved at the Magistrate's level.

[ASSISTANT DISTRICT ATTORNEY]: He has four prior burglaries, receiving stolen property as a felony, in addition a felony for forgery, in addition a drunk driving. The guidelines would be—with the prior record score of six, on the terroristic threats the offense gravity score is a three, a three with a six. He has four to eight months in the mitigated range, eight to twelve in the standard range. Aggravated is 12 to 18, and according to the legislature of Pennsylvania, it says that the sentence of 12 months to 24 months must be added to those ranges when a deadly weapon is used.

THE COURT: You're asking for a directed verdict? Not guilty; all right? If you want to play that game, not guilty; okay? Don't play games with me.

[DEFENSE COUNSEL]: Thank You, Your Honor.

(N.T. 10/8/87 at pp. 34–37)

█ As this transcript shows, the verdict of guilty of terroristic threats was changed, during appellant's sentenc-

ing, to one of not guilty. Pa.R.Crim.P. 1102(a), provides: "When a defendant waives a jury trial, the trial judge shall determine all questions of law and fact and render a verdict which shall have the same force and effect as a verdict of a jury." This rule restricts the trial judge's authority over the verdict in a nonjury trial to one which is no greater than his or her authority over a jury verdict, *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977), and the authority of a trial judge over a jury verdict is limited to consideration of postverdict motions in arrest of judgment or the granting of a new trial. (The grant of a new trial is not at issue herein). *Commonwealth v. Parker*, 305 Pa.Super. 516, 451 A.2d 767 (1982).[2]

■ Both the trial court and Superior Court characterized the trial court's decision to change appellant's verdict as a sua sponte grant of a motion in arrest of judgment. It is well settled that only causes appearing on the face of the record or insufficiency of the evidence will justify the grant of a motion in arrest of judgment. *Commonwealth v. Jackson*, 223 Pa.Super. 497, 302 A.2d 420 (1973). Causes appearing on the face of the record include such fundamental defects as lack of jurisdiction, former jeopardy or failure of an indictment or information to charge an offense. *Commonwealth v. Schomaker*, 293 Pa.Super. 78, 437 A.2d 999 (1981), *rev'd on other grounds*, 501 Pa. 404, 461 A.2d 1220 (1983).

■ Since the record reveals that the trial judge changed this verdict for reasons unrelated to the sufficiency of the evidence or causes appearing on the face of the record, it is clear that this decision by the trial court was not a grant of a motion in arrest of judgment.[3] In changing appellant's

2. Although the instant verdict was changed *before* it was recorded, for present purposes, we deem the unrecorded verdict of guilty to have the effect of a recorded verdict since the trial court impliedly accorded the guilty verdict the status of a recorded verdict when it permitted appellant to waive his postverdict motions (which can only be filed after the verdict is recorded) and to proceed directly to sentencing.

3. We do agree, however, with Superior Court that the evidence was sufficient to sustain the verdict of guilty.

6

verdict, the trial judge went beyond the authority which a trial judge may properly exercise over a verdict. Discomfort by a trial judge during a sentencing proceeding over the prospect of ordering confinement does not form a basis for any authorized action by that trial judge. The verdict of not guilty, therefore, was a legal nullity.[4] Accordingly, the order of Superior Court, 389 Pa.Super. 654, 560 A.2d 830, reinstating the original verdict and remanding the case for sentencing is affirmed.

Order affirmed.

4. Since the verdict of not guilty was a legal nullity, the absolute finality afforded a verdict of not guilty under the Double Jeopardy Clause does not apply in this situation.