601 A.2d 811

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David KOTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 1991.

Filed Jan. 2, 1992.

320

Albert J. Flora, Jr., Wilkes–Barre, for appellant.

Jerome L. Cohen, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

Before DEL SOLE, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

The defendant/appellant, David Kotz, seeks review of the March 18, 1991, order of the Court of Common Pleas of Luzerne County (per President Judge Patrick J. Toole) vacating, *sua sponte*, the judgment of sentence at Criminal Information No. 2712 of 1990. We reverse.

The facts of record reveal the following scenario: On October 24, 1990, the District Attorney of Luzerne County approved the issuance of Criminal Information No. 2712 of 1990 against the appellant charging him with aggravated assault, two counts of simple assault and recklessly endangering another person.

On January 4, 1991, the appellant pleaded guilty to one count of simple assault; all other charges were *nol-prossed*, with sentencing scheduled for March 1, 1991. Thereafter, by Criminal Information No. 2711 of 1990, the appellant was charged with two counts of simple assault and recklessly endangering another person.[1] On January 17, 1991, the appellant pleaded guilty to one count of simple assault. Sentence was scheduled to coincide with the time set for the disposition of Criminal Information No. 2712 of 1990.

On the date set for sentencing, the court imposed a term of incarceration of 6 to 23½ months at No. 2712 of 1990 and a consecutive sentence of 4 to 23½ months imprisonment at Criminal Information No. 2711 of 1990. Following this, the appellant's motion to modify sentence at Criminal Information No. 2712 of 1990 was denied by order dated March 11, 1991.

On March 18, 1991, a hearing was held on the appellant's motion to withdraw his guilty plea at Criminal Information No. 2711 of 1990. At the hearing, when the appellant was asked why he sought to withdraw his plea, he responded that he was not guilty and because he was told, at the time of the plea, that he would receive probation for time served in the Luzerne County Correctional Facility in exchange for his plea of guilty. Counsel for the appellant admitted striking an agreement with the District Attorney's office with regard to Criminal Information at No. 2712 of 1990. The same occurred, except by different counsel, at Criminal Information No. 2711 of 1990, but, according to the assist-

---

1. The charges filed at No. 2712 of 1990 originated with the appellant's arrest on August 27, 1990, whereas the charges listed at No. 2711 of 1990 were brought because of the appellant's arrest on August 29, 1990.

ant district attorney, in neither case did the plea call for any particular sentence, only that charges were to be *nol-prossed.* As is herein relevant, the following discourse transpired among the court, both counsel and the appellant:

THE COURT: Keep your mouth shut. It will do you a lot better, as far as I am concerned. You are like all your other friends. A plea was great while you thought it was going your way.

I am going to give you your chance. You go to trial on every single charge on this information and on the other. Put him on the list now, and I don't want anybody to give him any deals. Let him get convicted of all of them and let him get a state sentence. Good luck. The motion is granted. All charges are reinstated and directed to be placed on the trial list.

\* \* \* \* \* \*

I will tell you, the next time, you know, think about what you say.

THE DEFENDANT: Your Honor—

THE COURT: Save your breath, save your breath for the jury, not for me. The assault is a misdemeanor three.

THE DEFENDANT: That's the only plea—

THE COURT: No, it doesn't work that way.

THE DEFENDANT: I was already denied for the one.

THE COURT: You go to trial on everything, everything.

MR. YEAGER [Counsel for the defendant]: Just for the record, the petition was only on 2711. 2712 was a petition to modify.

THE COURT: You can't get both because they were sentenced together, right?

MR. YEAGER: He was sentenced—

THE COURT: Sentenced together, and that was the reason for the sentence, it was all worked out one time.

MR. YEAGER: Two separate times, Judge.

THE COURT: I will look at it in a second.

MRS. HALLENBACK: [Counsel for the Commonwealth]: He was sentenced on both on March 1.

MR. YEAGER: That's right.

\* \* \* \* \* \*

MR. YEAGER: My point was—

THE COURT: *My point was that the sentence in both was all done at one time, it was negotiated that way.*

MR. YEAGER: The pleas—just so you understand, maybe you do but I don't, *the pleas were negotiated at two separate times.*

THE COURT: The sentencings were all on the basis that 2711 and 2712 went together. They don't go together. He goes to trial on everything, everything. I am not here to play games and waste time. *His negotiated plea on 2711 was 4 to 23 and a half months. That was only recommended.*

MRS. HALLENBECK: *We don't have an agreement on that.*

MR. YEAGER: Sentenced to 6 to 23 and a half months.

THE COURT: That was from his guilty plea questionnaire.

THE DEFENDANT: To run concurrent with the first one. That's what Mr. Russin—

THE COURT: Did you write that out?

THE DEFENDANT: Yes.

THE COURT: Did it say to put down all the terms? That's not there. Have all the terms and conditions been set forth in your plea agreement? The answer is, yes.

THE DEFENDANT: That's what he told me in this room, if I pled guilty, he'll get it to run concurrent with 2712 and I get credit for four months on both of them.

THE COURT: Have a good time, Mr. Kotz. See if you can convince a jury.

MR. YEAGER: $10,000.00 on both or each?

THE DEFENDANT: I have already posted the bail.

THE COURT: There's no bail. Hey, Mr. Kotz, don't tell me your problems. I have my own. *You want to withdraw your pleas,* your bail was good only until the

time you were sentenced and it was automatically finished.

THE DEFENDANT: *I don't want to withdraw the 2712.*

THE COURT: *You beat both, because that's the basis the whole presentation was made to me when you were sentenced, and nobody is going to pick and choose, I got a good deal here, bad deal here. You are not guilty, you shouldn't have to worry, you probably won't be convicted.*

THE DEFENDANT: I can't get out on bail?

THE COURT: $10,000.00 bail on each.

Motion to Withdraw Guilty Plea Transcript, March 18, 1991, at 4–8 (Emphasis added). By order dated March 18, 1991, the court granted the appellant's motion "to withdraw his plea. The [appellant wa]s to stand trial on all charges in 2711 and 2712 of 1990. [The appellant] to be placed on trial list." A timely appeal was taken from the March 18th order assailing the *sua sponte* withdrawal of the judgment of sentence issued at Criminal Information No. 2712 of 1990 by the court as an "engage[ment] in punitive measures designed to prohibit challenges to the validity of pleas." Appellant's Brief at 5. The Commonwealth and the court both attempt to justify the action taken on the ground that Criminal Informations at Nos. 2711 and 2712 of 1990 were "related" such that "if a plea in one was to be withdrawn that, under the circumstances, the plea to the other should be withdrawn as well and it was so directed." See Lower Court Opinion at 2; Commonwealth's Brief at 11.

Prior to inquiring into the merits of the appellant's complaint, we need to resolve the question of whether the order appealed is final for appellate review purposes.

■ Under Pa.R.App.P. 311, an aggrieved litigant may perfect an appeal from certain interlocutory orders as of right. As is herein relevant, the Rule provides that an appeal may be taken as of right from "an order in a criminal proceeding awarding a new trial where the defen-

dant claims that the proper disposition of the matter would be an absolute discharge...." Pa.R.App.P. 311(a)(5).

We equate the appellant's objection to the withdrawal of his judgment of sentence and the possible necessitation of his presentment of a defense at trial, to be an assertion of the court's commission of an error of law in *sua sponte* requiring him to proceed to trial where the proper disposition called for the maintenance of the status quo as to the guilty plea entered at Criminal Information No. 2712. Id. Thus, the appellant's appeal of the March 18, 1991, order, albeit interlocutory, is properly before us for review in advance of the appellant having to endure the rigors of a trial. Cf. *Commonwealth v. Parker*, 305 Pa.Super. 516, 451 A.2d 767 (1982) (Trial court's reconsideration of a guilty verdict at post-verdict motion stage and entering not guilty decision was appealable).

 Although we have found no Pennsylvania decision which discusses a *sua sponte* vacation of a judgment of sentence and a guilty plea, nor have any of the parties or court below cited us any case law on the subject, we believe that the precepts associated with the solemnity of a guilty plea militate against affirmance of the lower court's actions. To-wit, when accepted and entered by a court, a plea of guilty is the equivalent of a conviction by the verdict of a jury. This is consistent with the enunciation of the United States Supreme Court in *Kercheval v. United States*, 274 U.S. 220, 223–224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), wherein it wrote on the subject:

A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or

given through ignorance, fear or inadvertence. Such an application does not involve any application of guilt or innocence. The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just. [Citations omitted]

Accord *United States ex rel. Crosby v. Brierley*, 404 F.2d 790, 793 (3rd Cir.1968). Viewed in this light, a trial judge lacks the authority to change *sua sponte* a defendant's verdict (plea) of guilty. Cf. *Commonwealth v. Stark*, 526 Pa. 1, 584 A.2d 289, 291 (1990) (Trial court may not, during sentencing, change a previously rendered verdict of guilty to one of not guilty). This is so regardless of whether the verdict was the result of a non-jury versus a jury trial. *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266, 1268 n. 5 (1977); *Commonwealth v. Brown*, 192 Pa.Super. 498, 162 A.2d 13 (1960). And, under established case law, a trial judge's authority over a *verdict* is limited to consideration of post-verdict motions in arrest of judgment or the grant of a new trial. *Stark*, supra; *Parker*, supra. Similarly, the withdrawal of a guilty plea is *initiated by application of the defendant. Kercheval*, supra; Pa.R.Crim.P. 320, & 321; P.L.E. Criminal Law, § 218. Absent such an application/motion by the defendant, a guilty plea, which is spoken of in terms of a verdict of guilty, may not be removed by a trial court *sua sponte.* See *Stark*, supra; *Parker*, supra; cf. *Commonwealth v. Walker*, 460 Pa. 658, 334 A.2d 282, 284 (1975).

The court, along with the Commonwealth, attempts to justify its conduct by arguing that the sentence imposed at Criminal Information No. 2711 of 1990 was "related" to the sentence issued at Criminal Information No. 2712 of 1990, and, as such, the grant of the motion to withdraw the plea and accompanying sentence at No. 2711 of 1990 necessitated the negation of the plea and sentence at No. 2712 of 1990. We agree in part.

▇▇▇▇ It is beyond cavil that the criminal courts of this jurisdiction have the power to change a sentence within 30

days after its entry, if no appeal has been taken. 42 Pa.C.S. § 5505; cf. *Commonwealth v. Banmiller*, 199 Pa.Super. 599, 187 A.2d 185, 191–192 (1962). Additionally, where sentences are interdependent, a (trial or appellate) court vacating one of several sentences can vacate the other sentence(s), even if its imposition is not specifically raised. The rationale is that a court, which structures its sentence on the assumption that punishment for a defendant's conduct is best effectuated by spreading it over multiple convictions, has a right to restructure a sentencing scheme which is interlocking of several offenses and the defendant successfully obtains a reversal of one of the convictions. This position was first articulated by the Third Circuit Court of Appeals in *United States v. Busic*, 639 F.2d 940, 947–948 & n. 10 (3rd Cir.1981), cert. denied, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981) wherein it wrote in relevant part that:

> In the case at bar the defendants contend that they did not appeal their section 111 convictions and the sentences imposed, and the Government did not cross-appeal. However, it is evident that the district court structured its sentence on the erroneous assumption that punishment for the defendants' conduct could be distributed under both section 111 and section 924(c). In fact, the court imposed the heaviest punishment under section 924(c). When the defendants successfully appealed their convictions under 924(c) and obtained reversals, the court's sentencing plan, based on the aggregate conviction for the criminal assault on the federal officers with firearms, was thwarted. In such a case, where the sentences were interdependent, we believe an appellate court, vacating one of those sentences, can vacate the other sentence even if its imposition is not specifically raised on appeal.[10] There is nothing in the history or the policies of the Double Jeopardy Clause that justifies the denial of resentencing when the sentence has been spread erroneously over counts that have been declared invalid. On the other hand, resentencing under such circumstances

should reduce the possibility of disparate and irrational sentencing.

10. We note that in this case the question of vacation of sentences was argued before the Supreme Court. See *Busic v. United States,* 446 U.S. [398] at 412 n. 19, 100 S.Ct. [1747] at 1756 n. 19 [64 L.Ed.2d 381 (1980) ]. Further, we believe it is unreasonable to expect the Government in every appeal to ask appellate courts to vacate sentences on the off chance that related sentences will be voided. When a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan. We reject the argument that vacation of the section 111 sentences is barred procedurally.

Accord *Kelly v. Neubert,* 898 F.2d 15, 17 (3rd Cir.1990); *United States v. Pimienta–Redondo,* 874 F.2d 9, 12–16 (1st Cir.1989); *United States v. Levy,* 865 F.2d 551, 559–560 n. 5 (3rd Cir.1989); *United States v. Rosen,* 764 F.2d 763, 766 (11th Cir.1985).

Accordingly, under the *Busic* ruling of interdependent sentences entitling a court to vacate sentences not specifically raised where one has been challenged and withdrawn, the court below had the right to vacate the *judgment of sentence* at No. 2712 of 1990 when it granted the defendant's motion to withdraw his plea and sentence entered at No. 2711 of 1990. This is so because the court predicated the *total minimum period of incarceration* to be served by the defendant under both Informations to be ten months. See Lower Court Opinion at 2. Therefore, when the plea and sentence at No. 2711 of 1990 was withdrawn, the entire sentencing plan (as applied to Nos. 2711 and 2712) was undermined and subject to rectification. *Busic,* supra.

However, this revamping of the *sentencing* scheme did not encompass a vacation of the defendant's *plea (verdict) of guilty* at No. 2712 of 1990. See *Stark,* supra; *Parker,* supra. Thus, to the extent that the court vacated the plea (verdict) of guilty at No. 2712 of 1990, without a motion filed by the defendant seeking such relief, its action is a nullity and the order of March 18, 1991, is reversed in regard thereto. Nonetheless, because the court had the authority to alter the *sentence* at No. 2712 of 1990 as integrated with the vacated sentence at No. 2711 of 1990, we remand to avail the court the opportunity to take what-

ever action it deems appropriate to achieve its initially intended sentence objective, i.e., impose a new sentence at No. 2712 of 1990 to reflect the altered nature of its originally intended sentencing scheme.[2]

Order reversed; case remanded for a *procedendo* made reference to herein; jurisdiction is not retained.

**2.** On remand, the court can still achieve its objective of incarcerating the defendant for a period of ten months by entering such a sentence at Criminal Information No. 2712 of 1990. See 18 Pa.C.S. §§ 1104, 2701. The court can do so without any fear of violating the appellant's Double Jeopardy rights. See *Commonwealth v. Ford,* 315 Pa.Super, 241, 461 A.2d 1281 (1983); see also *United States v. Busic,* 639 F.2d 940 (3rd Cir.1981), cert. denied, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).

Additionally, we would note that the imposition of sentence and the motion to withdraw guilty plea at No. 2711 of 1990, which triggered the vacation of the judgment of sentence and plea at No. 2712 of 1990, all transpired within the 30–day time-frame set forth in 42 Pa.C.S. § 5505.