COMMONWEALTH of Pennsylvania, Appellee

v.

Rico Mandrell HERBERT, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 12, 2013.
Filed Feb. 5, 2014.

Chandra V. Bleice, Stroudsburg, for appellant.

Elmer D. Christine, Jr., District Attorney, Stroudsburg, for Commonwealth, appellee.

BEFORE: GANTMAN, OLSON and WECHT, JJ.

OPINION BY OLSON, J.:

Appellant, Rico Mandrell Herbert, appeals from the judgment of sentence entered on March 21, 2013. We affirm.

The trial court summarized the factual and procedural background of this case as follows:

> Appellant was charged with three offenses[, burglary,[1] receiving stolen property,[2] and theft by unlawful taking,[3]] arising out of the theft of $1,500.00 from a local tavern in the early morning hours of August 3, 2011. In exchange for a promise to cooperate with the police investigation of his co-defendant, Appellant entered a plea of guilty to the third count of the criminal information[, theft by unlawful taking,] on December 20, 2011.

Trial Court Opinion, 6/21/13, at 1. "[Appellant] was subsequently arrested in North Carolina and charged with additional crimes including, but not limited to, [c]riminal [h]omicide, [b]urglary, and [a]buse of a [c]orpse stemming from incidents which are alleged to have occurred [in Pennsylvania] on or around February 25, 2012, after his plea and scheduled sentencing." Trial Court Opinion, 7/19/12, at 2.

Additionally:

> On March 16, 2012, the Commonwealth filed a [m]otion to [r]evoke [Appellant's] [g]uilty [p]lea. This [m]otion was based on Appellant's failure to provide any cooperation per the plea agreement, failure to appear for his pre-sentence inter-

1. 18 Pa.C.S.A. § 3502(a).

2. 18 Pa.C.S.A. § 3925(a).

3. 18 Pa.C.S.A. § 3921(a).

view and for a rescheduled pre-sentence interview, and failure to appear for his sentencing hearing scheduled for February 16, 2012. After a May 7, 2012 hearing and subsequent briefings, [the trial c]ourt granted the Commonwealth's [m]otion on July 19, 2012 pursuant to the discretionary authority granted in Pa.R.Crim.P. 591 and *Commonwealth v. [Nancy ] Rosario* [545 Pa. 4], 679 A.2d 756 (Pa.1996) to withdraw, *sua sponte,* a defendant's guilty plea.

Following [the trial c]ourt's [o]rder dated July 19, 2012, Appellant [sought leave to file an interlocutory appeal] which was denied by [this Court] in an [o]rder dated September 13, 2012. [Appellant also filed a notice of appeal, which this Court quashed on November 30, 2012.] Thereafter, Appellant proceeded to a bench trial and was found guilty of all three counts in the [original] criminal information on February 13, 2013 by Senior Judge Ronald E. Vican. At the trial, Appellant again raised the issue of [the trial c]ourt's authority to *sua sponte* withdraw Appellant's guilty plea. Senior Judge Vican upheld Judge Worthington's decision to withdraw Appellant's plea. Appellant was sentenced by [the trial c]ourt on March 21, 2013 [to an aggregate term of 21 to 42 months' imprisonment].

Trial Court Opinion, 6/21/13, at 1–2. This timely appeal followed.[4]

4. On April 23, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). Appellant filed his concise statement on May 13, 2013. The trial court issued its Rule 1925(a) opinion on June 21, 2013. Appellant included his lone issue on appeal in his concise statement.

5. In this case, the request to have Appellant's guilty plea withdrawn was prompted by the Commonwealth's filing of a motion to revoke

Appellant presents one issue for our review:

Did the [trial court] abuse [its] discretion when [it] withdrew *sua sponte* [Appellant's] plea at the time of sentencing based on his arrest for a capital offense while he was out on bail?

Appellant's Brief at 5.

■■■ Pennsylvania Rule of Criminal Procedure 591(A) provides that, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte,* the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).[5] We will not disturb the trial court's decision to *sua sponte* withdraw a defendant's plea of guilty absent an abuse of discretion. *Nancy Rosario,* 679 A.2d at 759. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by ... the record, discretion is abused." *Commonwealth v. Armstrong,* 74 A.3d 228, 234 (Pa.Super.2013) (citation omitted).

Appellant argues that the trial court abused its discretion in two respects. First, he contends that the trial court abused its discretion by finding that Appellant failed to cooperate with police pursuant to his plea agreement. Second, Ap-

Appellant's guilty plea. Rule 591(A) of the Pennsylvania Rules of Criminal Procedure provides, however, that the revocation of a guilty plea may be done only upon motion of the defendant or *sua sponte* by the court. Thus, although prompted by a motion filed by the Commonwealth, the trial court correctly considered whether to revoke Appellant's guilty plea *sua sponte* based upon the discretionary authority afforded it under Pa. R.Crim.P. 591(A).

pellant argues that the trial court abused its discretion by considering inappropriate factors when determining whether to withdraw his guilty plea.

As to his first argument, Appellant concedes his plea agreement, which included a provision obligating Appellant to cooperate with authorities, was a binding contract which he entered into with the Commonwealth. *See Commonwealth v. Parsons*, 969 A.2d 1259, 1268 (Pa.Super.2009) (*en banc*), *appeal denied*, 603 Pa. 685, 982 A.2d 1228 (2009) (both parties are bound by the terms of a plea agreement). However, Appellant contends that he did not have an opportunity to assist police pursuant to the plea agreement because Nancy Little ("Little"), the individual referred to as Appellant's codefendant, was never charged with a crime. Appellant explains that the plea agreement only obligated him to testify against Little and since she was never charged with an offense, the chance to offer testimony against Little never arose. Appellant's Brief at 10–11.

■ When interpreting the terms of a plea agreement, we apply general contract principles. *See Commonwealth v. Wallace*, 45 A.3d 446, 452 (Pa.Super.2012), *appeal granted on other grounds*, —— Pa. ——, 64 A.3d 620 (2013) (citation omitted). "It is well-established that the paramount goal of contract interpretation is to ascertain and give effect to the parties' intent. When the trier of fact has determined the intent of the parties to a contract, [we] will defer to that determination if it is supported by the evidence." *Habjan v. Habjan*, 73 A.3d 630, 640 (Pa.Super.2013) (internal citations omitted), *quoting Lang v. Meske*, 850 A.2d 737, 739–740 (Pa.Super.2004).

As we have explained:

When interpreting agreements containing clear and unambiguous terms, we need only examine the writing itself to give effect to the parties' intent. The language of a contract is unambiguous if we can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends. When terms in a contract are not defined, we must construe the words in accordance with their natural, plain, and ordinary meaning. As the parties have the right to make their own contract, we will not modify the plain meaning of the words under the guise of interpretation or give the language a construction in conflict with the accepted meaning of the language used.

*In re Jerome Markowitz Trust*, 71 A.3d 289, 301 (Pa.Super.2013), quoting *State Farm Fire & Cas. Co. v. PECO*, 54 A.3d 921, 928 (Pa.Super.2012).

■ In the case at bar, the plea agreement term at issue provides that the Appellant "must cooperate against [his] codefendant." Guilty Plea Colloquy, 12/20/11. Appellant interprets this provision to only require that he cooperate against Little if she were charged with a crime. The Commonwealth interprets this provision to require Appellant to cooperate prior to Little being charged.

According to the trial court, the language of the plea agreement was clear and unambiguous that Appellant was required to assist law enforcement prior to Little being charged with a crime. *See* Trial Court Opinion, 7/19/12, at 6 ("Upon review of the plea, the terms of the bargain are clear."). Furthermore, the trial court made the following factual findings regarding the agreement entered into between the Commonwealth and Appellant:

[T]he Commonwealth presented the credible testimony of Officer Charles Brown from the Stroud Area Regional Police Department ("SARPD"). Officer

Brown testified that [Appellant] agreed to appear at the SARPD facility to cooperate in the criminal investigation of his co-defendant. Officer Brown further testified that he attempted to contact the [Appellant] and that [Appellant] failed to appear at the SARPD facility or provide **any** cooperation whatsoever. . . .

Although [Appellant] did plead guilty to theft per the plea agreement, he failed to provide any cooperation in the investigation involving his co-defendant. Through his noncompliance with police, [Appellant] failed to fulfill his contractual obligation under the plea agreement. . . . Thus [the trial court found] that [Appellant] breached the plea agreement when he failed to appear at the SARPD facility and cooperate with Officer Brown in the criminal investigation of his co-defendant.

Trial Court Opinion, 7/19/12, at 6–7 (emphasis in original).

We agree with the trial court's determination that the plea agreement's language is clear and that Appellant was required to assist law enforcement prior to Little being charged with an offense. There is no qualifying language within the plea agreement regarding the timeframe during which Appellant would be required to assist law enforcement. Although the plea agreement used the word "co-defendant" both the Commonwealth and Appellant were aware that Little had yet to be charged with a crime. Appellant was also aware that information he provided was the only reason that police were pursuing Little. N.T., 5/7/12, at 8. Given these circumstances, a reasonable individual would interpret the plea agreement as requiring Appellant to provide information to the police prior to Little being charged with a crime. Therefore, Appellant's argument that he did not breach the plea agreement by failing to assist law enforcement's investigation of Little is without merit.

■ Appellant next contends that the trial court considered improper factors in deciding to withdraw his guilty plea. In particular, Appellant argues that his failure to appear for a pre-sentence interview, his failure to appear for the re-scheduled pre-sentence interview, his failure to appear for the sentencing hearing, and his arrest for, *inter alia*, murder should not have been considered by the trial court when determining if it should withdraw his guilty plea. Appellant contends that these factors were appropriate sentencing considerations, and warranted sentencing Appellant in the aggravated range; however, he contends that they were improper factors for withdrawal of a guilty plea.

As the trial court aptly stated, and the Commonwealth and Appellant agree, "Pennsylvania appellate courts have provided little guidance on the discretionary authority of trial [courts] to withdraw guilty pleas *sua sponte* pursuant to Pa. R.Crim.P. 591." Trial Court Opinion, 6/21/13, at 4. There have been few reported cases in which we have discussed a trial court's *sua sponte* withdrawal of a defendant's guilty plea.

The first case in which we discussed *sua sponte* withdrawal of a guilty plea was in *Commonwealth v. Kotz*, 411 Pa.Super. 319, 601 A.2d 811 (1992). In *Kotz*, a defendant pled guilty and was sentenced on two related informations. *Id.* at 812. After sentencing, the defendant moved to withdraw his guilty plea as to one of the informations, but not the other. *Id.* The trial court granted Kotz's motion to withdraw his guilty plea as to the one information and *sua sponte* withdrew Kotz's guilty plea as to the other information. *Id.* We held that "the withdrawal of a guilty plea is initiated by application of the defendant." *Id.* at 815 (emphasis removed; citations

omitted). Thus, we concluded that the trial court lacked jurisdiction to *sua sponte* withdraw the defendant's plea of guilty. *Id.* at 816.

The analysis in *Kotz* is not applicable to the case at bar because *Kotz* addressed *sua sponte* withdrawal of a defendant's guilty plea after imposition of sentence. *Kotz*, 601 A.2d at 812. Thus, it fell outside of Rule 591 (then Rule 320),[6] which permits the trial court to *sua sponte* withdraw a defendant's plea of guilty prior to imposition of sentence, which is what occurred in the case *sub judice*. Furthermore, as discussed *infra*, our *en banc* Court later rejected most of the dicta in *Kotz*.

■ In *Nancy Rosario*, the trial court chose to *sua sponte* withdraw the defendant's guilty plea because there was an inadequate factual basis for the plea. *Commonwealth v. Nancy Rosario*, 418 Pa.Super. 196, 613 A.2d 1244, 1246 (1992), *affirmed*, 545 Pa. 4, 679 A.2d 756 (1996). Specifically, the trial court found that the information provided in the pre-sentence investigation report differed significantly from what was relayed at the plea hearing. *Nancy Rosario*, 679 A.2d at 757. We held that "[a] trial [court] is justified in ordering that a plea be vacated if [it] discovers that there is [an] insufficient factual basis to support the plea." *Nancy Rosario*, 613 A.2d at 1249, *citing United States v. Hecht*, 638 F.2d 651, 653 (3d Cir.1981); *Gilmore v. Zimmerman*, 619 F.Supp. 859, 864 (E.D.Pa.1985). Thus, we concluded that the trial court acted appropriately under former Rule 320. *Nancy Rosario*, 613 A.2d at 1249. Our Supreme Court affirmed, finding that the trial court did not abuse its discretion in choosing to withdraw Nancy Rosario's guilty plea because of the incomplete information afford-

ed the trial court at the plea hearing. *Nancy Rosario*, 679 A.2d at 760.

In *Commonwealth v. Agustin Rosario*, the trial court *sua sponte* withdrew the defendant's guilty plea because it found that there was no factual basis for the plea. 438 Pa.Super. 241, 652 A.2d 354, 356 (1994) (*en banc*), *appeal denied*, 546 Pa. 668, 685 A.2d 547 (1996). We held that the trial court did not abuse its discretion in withdrawing the defendant's plea of guilty because "the disparity between the factual basis of the plea presented to the court at the plea hearing and the factual statement set forth in the pre-sentence report provide[d] a valid reason for the trial court's withdrawal of the plea." *Id.* at 362.

In *Agustin Rosario* we rejected our prior dicta in *Kotz*. We stated that:

> Although this Court's holding [in *Kotz*] may appear to preclude a trial court from *sua sponte* rejecting a guilty plea in any situation, it is instructive that in that case, unlike the present case and *Nancy Rosario*, the trial court had already sentenced the defendant on the pleas. Therefore, the trial court not only ordered withdrawal of the pleas, but the court also, *sua sponte*, vacated the judgments of sentence.

> \* \* \*

> Moreover, the Court in *Kotz* relied upon Rule 320 in support of its conclusion that the withdrawal of a guilty plea is always initiated by the defendant's application. That conclusion, however, is not in accord with the provision in Rule 320 which grants a trial court discretion to "permit or **direct**" the withdrawal of a guilty plea. In this regard, we reject appellant's assertion that "Rule 320 is a mere conduit enabling the [c]ourt to uti-

---

6. Former Rule 320 was renumbered as Rule 591 effective April 1, 2001. *See* 30 Pa.B.

1477 (Mar. 1, 2000).

lize its discretion in ruling on a defendant's motion to withdraw a guilty plea." The plain language of Rule 320 belies appellant's assertion. The rule provides that a trial court may permit or **direct** that a guilty plea be withdrawn. The emphasized language would be unnecessary if, as appellant contends, Rule 320 merely authorizes the trial court to grant a defendant's motion to withdraw a plea.

*Agustin Rosario,* 652 A.2d at 362–363 (alterations omitted; emphasis in original).[7]

In *Commonwealth v. Przybyla,* the defendant pled guilty to statutory sexual assault. 722 A.2d 183, 184 (Pa.Super.1998). However, prior to sentencing, the trial court had concerns regarding the harshness of the charge, and therefore *sua sponte* withdrew the defendant's plea of guilty and dismissed the statutory sexual assault charge pursuant to 18 Pa.C.S.A. § 312. *Id.* We vacated the order and remanded for further proceedings, finding that the offense was not *de minimis. Id.* at 186–187.

*Przybyla* is not applicable to the case at bar. The main issue in *Przybyla* was whether the trial court erred by dismissing the two felony counts against the defendant because it was concerned with the "scarlet letter" associated with a felony conviction for "consensual" sexual conduct between a 19–year–old and a 13–year–old. *Id.* Thus, the case was decided because of our interpretation of the de minimis statute, and not on factors that the trial court could consider under former Rule 320.

 Our Supreme Court, in *Nancy Rosario,* and our *en banc* Court, in *Agustin Rosario,* have granted trial courts broad discretion in deciding whether to withdraw a guilty plea *sua sponte.* We conclude that when deciding whether to *sua sponte* withdraw a defendant's guilty plea prior to sentencing, a trial court may properly consider whether the defendant has fulfilled his or her obligations under the plea agreement. This includes considering whether the defendant has cooperated during the sentencing process, *i.e.* appearing for his or her pre-sentence interview and sentencing hearing. However, a trial court may not, in most circumstances, consider subsequent criminal activity by the defendant in deciding whether to *sua sponte* withdraw his or her guilty plea because, in most cases, such activities are not relevant to the validity of the plea.

 We agree with the trial court that permitting a defendant to plead guilty to fewer offenses than charged, or a lesser included offense, without any duty to comply with his or her obligations under the plea agreement would be against public policy. *See* Trial Court Opinion, 6/21/13, at 3, *citing, United States v. Williams,* 510 F.3d 416, 422 (3d Cir.2007) (defendants should not receive benefits of bargain while evading costs).[8] Moreover, as we have explained:

---

7. We recognize that the wording of current Rule 591 differs from that of Rule 320 at the time of *Agustin Rosario.* The language of Rule 591(A) specifically provides that the trial court may "direct, *sua sponte,* the withdrawal of a plea of guilty[.]" Pa.R.Crim.P. 591(A). Thus, the change in the wording of Rule 591 strengthens the holding of *Agustin Rosario. See* 29 Pa.B. 4057 (July 31, 1999) ("Paragraph (A) also includes the qualifiers 'upon motion of the defendant' referring to the situations in which the court may 'permit' the withdrawal of a plea of guilty, and '*sua sponte*' in which the court may 'direct' the withdrawal of a plea of guilty.").

8. "We are not bound by decisions of the federal courts, but we may rely on them for persuasive authority." *McEwing v. Lititz Mut. Ins. Co.,* 77 A.3d 639, 648 n. 7 (Pa.Super.2013) (citation omitted).

The guilty plea and the frequently concomitant plea bargain are valuable implements in our criminal justice system. The disposition of criminal charges by agreement between the prosecutor and the accused[ ] is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.

*Commonwealth v. Anderson,* 995 A.2d 1184, 1190–1191 (Pa.Super.2010), *appeal denied,* 608 Pa. 634, 9 A.3d 626 (2010) (alteration and ellipsis omitted), quoting *Parsons,* 969 A.2d at 1267. In order to effectuate this policy of encouraging the plea bargain process there needs to be some incentive for defendants to fulfill their obligations under plea agreements. Otherwise, the Commonwealth may be more reluctant to participate. Specific performance is not an option in many circumstances. As the trial court noted, it is difficult, if not impossible, to require honest cooperation with authorities. Trial Court Opinion, 7/19/12, at 8. However, the prospect of having a trial court *sua sponte* withdraw a guilty plea provides a significant incentive to the defendant to fulfill his or her obligations under a plea agreement.

Furthermore, by entering into a plea agreement with the Commonwealth, a defendant implicitly agrees to cooperate in the legal disposition of the charges to which he or she has pled guilty. This includes cooperating with the pre-sentence interview and attending the sentencing hearing. Thus, we conclude that public policy supports permitting a trial court to consider whether a defendant has cooperated in the pre-sentence process when deciding whether to *sua sponte* withdraw his or her plea of guilty. In the case at bar, Appellant failed to attend, on two separate occasions, the pre-sentence interview and failed to appear for his sentencing hearing.

However, in most circumstances, such as the case *sub judice,* plea agreements do not require that a defendant refrain from engaging in criminal activity. The punishment for engaging in further criminal behavior when awaiting sentencing is the risk of a more severe sentence from the trial court and additional punishment for the subsequent crime(s) committed while awaiting sentencing. *Cf. Commonwealth v. Marts,* 889 A.2d 608, 615 (Pa.Super.2005) (trial court properly considered the fact that defendant had jumped bail and committed a violent felony in New York when imposing sentence). A defendant's commission of an additional crime while awaiting sentencing is not related to a defendant's guilty plea to the original charges. If subsequent criminal activity is not addressed in a plea agreement, we see no reason why such conduct could serve as a basis for finding a defendant breached any commitment made to the Commonwealth. Such conduct also does not obstruct the orderly disposition of the original charges. The prospects of additional criminal prosecution and enhanced punishment for committing the subsequent crime(s) while awaiting sentencing are adequate deterrents without the risk of having a prior guilty plea withdrawn.

■ Appellant contends that the trial court considered his pending charges, including, *inter alia,* murder, when deciding to withdraw his guilty plea. However, the record belies this assertion. At the hearing on the Commonwealth's motion, the trial court asserted that it did not believe that the additional charges were sufficient grounds for the trial court to *sua sponte* withdraw Appellant's guilty plea. *See* N.T., 5/7/12, at 6 ("This is no new information or different information on the case we're talking about, on the theft case. It's

something that ... allegedly happened post that case that you believe affects the theft case and the ability to withdraw that."). It was only after the Commonwealth raised Appellant's failure to comply with the terms of his plea agreement that the trial court appeared to be receptive of the Commonwealth's argument that it should exercise its discretionary authority to *sua sponte* withdraw Appellant's guilty plea. *See id.* at 7 ("Well, that's a different issue than what you have listed in your motion, so if you would like to take some testimony.").

In its well-reasoned and thoughtful opinion accompanying its order withdrawing Appellant's guilty plea the only mention of the murder and other subsequent charges was at the beginning of the opinion where the trial court outlined the factual and procedural history of the case. *See generally* Trial Court Opinion, 7/19/12. The trial court did not rely on the subsequent charges to support its decision to withdraw Appellant's guilty plea. Instead, it relied upon Appellant's breach of the terms of the plea agreement in support of its order. *See id.* at 12–13.

In its Rule 1925(a) opinion, the trial court reiterated that it did not rely on the subsequent charges in deciding to withdraw Appellant's guilty plea. It stated that:

> Appellant further contends that the Commonwealth's March 16, 2012 [m]otion to [r]evoke [d]efendant's [g]uilty [p]lea is intended to punish Appellant for crimes with which he was charged while he was on bail in connection with the present case. These subsequent charges stem from events which allegedly occurred after Appellant was uncooperative with the police investigation into Appellant's co-defendant, and after Appellant failed to appear for both presentence interviews and the sentencing

hearing itself. Because [the trial court's] July 19, 2012 [o]pinion and [o]rder [g]ranting [m]otion to [w]ithdraw [g]uilty [p]lea was decided on the basis of contract principles (*i.e.* Appellant's failure to hold up his end of the plea bargain constituted a breach of the agreement rendering it void and unenforceable), [the trial court] did not discuss this allegation in [its o]pinion. Accordingly, this allegation [was] not discussed in [the trial court's Rule 1925(a) opinion].

Trial Court Opinion, 6/21/13, at 2 n. 2.

Appellant does not point to any evidence that the trial court considered his subsequent charges in deciding to withdraw his guilty plea and no such evidence exists in the certified record. To the contrary, there is substantial evidence that the trial court did not consider the subsequent charges. Therefore, we conclude that the trial court only relied upon permissible factors in deciding, *sua sponte,* to withdraw Appellant's guilty plea.

In sum, we hold that in addition to the factor we have previously held may be considered by a trial court when deciding, *sua sponte,* to withdraw a defendant's guilty plea, *i.e.,* the sufficiency of the factual basis for the plea, a trial court may consider a defendant's failure to comply with his obligations under a plea agreement, including a defendant's failure to cooperate in the sentencing process. We further hold that in most cases a trial court may not consider subsequent criminal conduct when determining whether to *sua sponte* withdraw a defendant's guilty plea. In this case, we discern no abuse of discretion by the trial court in its consideration of permissible factors. Accordingly, we affirm.

Judgment of sentence affirmed.

WECHT, J., files a Concurring Opinion.

CONCURRING OPINION BY
WECHT, J.:

I join the learned Majority's Opinion. I write separately only to address the manner in which Pa.R.Crim.P. 591(A) seemingly renders the Commonwealth mute when it learns of information that would warrant a trial court's *sua sponte* direction of the withdrawal of a criminal defendant's guilty plea before sentencing. The bench and bar would be well-served if the Criminal Procedural Rules Committee ("Committee") would review this rule and consider revisions that would give the Commonwealth a voice in such an important matter.

Pennsylvania Rule of Criminal Procedure 591(A) provides: "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). In the matter *sub judice*, the Commonwealth initiated the plea withdrawal proceedings by filing a petition with the trial court to revoke Appellant's guilty plea. Unequivocally, the plain language of the rule does not permit a trial court to grant such a petition. By the rule's terms, an order by the trial court directing the withdrawal of a plea must be initiated by the defendant or by the court *sua sponte*. Black's Law Dictionary defines *sua sponte* as "[w]ithout prompting or suggestion; on its own notion." *Black's Law Dictionary* 1437 (7th ed. 1999). The trial judge in this case denied the Commonwealth's petition, as the rule requires, but then directed the withdrawal of Appellant's guilty plea by its own order.

The tension between the court's action and the language of the rule is obvious. The court's order cannot truly be said to be *sua sponte*, that is "without prompting or suggestion." The information upon which the order was predicated was provided to the court by the Commonwealth. In a footnote, the Majority resolves this conflict as follows:

> In this case, the request to have Appellant's guilty plea withdrawn was prompted by the Commonwealth's filing of a motion to revoke Appellant's guilty plea. Rule 591(A) of the Pennsylvania Rules of Criminal Procedure provides, however, that the revocation of a guilty plea may be done only upon motion of the defendant or *sua sponte* by the court. Thus, although prompted by a motion filed by the Commonwealth, the trial court correctly considered whether to revoke Appellant's guilty plea *sua sponte* based upon the discretionary authority afforded it under Pa.R.Crim.P. 591(A).

Maj. Op. at 561 n. 5. In other words, recognizing that the trial court had no authority to grant the Commonwealth's motion, the Majority concludes that the order was *sua sponte* simply because the trial court said it was. I take no issue whatsoever with the Majority's handling of this procedural difficulty, mainly because we have no choice but to overlook the conflict between the terms of the rule and reality.

The reality to which I refer to has two facets. First, a trial court is a neutral arbiter, not an investigative body. A trial court does not have the ability to probe for or discover information relevant to making a decision whether to direct the withdrawal of a guilty plea. The court passively must wait for that information to be presented to it, from whatever source. Second, nothing prohibits the Commonwealth from providing this information to the judge (with service upon the defendant, of course), nor is the trial court prohibited from considering the information. Typi-

cally, the trial court will have no cause to exercise its authority to direct a plea withdrawal under this rule without information, and the Commonwealth most often is the only party with the means and incentive to provide that information to the court. The problem is in the rule itself.

The rule does not explicitly prevent the Commonwealth from providing the information to the trial court. It limits only the mechanisms by which the Commonwealth can provide that information and the actions that a court may take after learning of the information. The Commonwealth may not file a motion. Consequently, a trial court cannot grant such a motion. The Commonwealth's best option might be to file a sentencing memorandum with the court and hope that the trial judge reads that memo, and not only gleans from it the relevant sentencing information but also happens upon its discretion *sua sponte* to direct that a defendant's plea be withdrawn. If the trial court does not take the hint, then the Commonwealth has no other formal means by which to inform the court that it believes that the court should take action. Presumably, to directly prompt the court to do so would violate the rule, because a trial court's action must be *sua sponte*.

Consider how this conundrum plays out in a hypothetical situation similar to what occurred in the instant case. Assume that the Commonwealth offers a substantially lower set of charges to a suspect based upon the defendant's promise to provide critical information in a murder case. Now, suppose that the defendant accepts the deal but never provides the information. What must the Commonwealth do prior to sentencing in order to vindicate its right to nullify the bargain to which the

defendant agreed, and which he later violated? Rule 591 does not prohibit the Commonwealth from informing the trial court that the defendant did not comply with his end of the bargain, but it does prevent the Commonwealth from formally asking the trial court to enter an order, or even from openly nudging the court in that direction. Thus, the Commonwealth must file some other document and hope that, on its own, the trial court will decide to enforce the terms of the bargain and direct the withdrawal of the plea. As it stands, Rule 591(A) forces the trial court into the charade manifest here: the trial court simply labels its order *"sua sponte"* even though the order in fact has issued in response to information provided by the Commonwealth.[1]

In my view, this rule unnecessarily handcuffs the Commonwealth in these situations. The rule fails to provide a means by which the Commonwealth can inform the trial court that a defendant has not upheld his end of a plea bargain, or advise the court of other information that the court may determine warrants a directed withdrawal of a guilty plea. Because the rule does not provide the Commonwealth with a clear mechanism to enforce its agreements in such circumstances, the Commonwealth might be more hesitant to enter into bargains whereby a defendant is required to perform some valuable service to the Commonwealth after pleading guilty, but before sentencing. Plainly, this could cause significant damage to the criminal justice system. Plea bargaining "is not some adjunct to the criminal justice system; it is the criminal justice system." *Missouri v. Frye*, — U.S. —, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012).

---

1. "You can call a camel an elephant but that won't make its hump disappear. Labels do not change substance." *Houston Gen. Ins.* *Co. v. Brock Const. Co., Inc.*, 241 Ga. 460, 246 S.E.2d 316, 319 (Ga.1978) (Undercofler, P.J., concurring).

In my view, the Committee should take a close look at Rule 591(A) with an eye toward determining whether any amendments can be made to rectify this problem. I recognize that it may not be prudent to permit the Commonwealth to petition a trial court in every case to direct the withdrawal of a guilty plea before sentencing. The Commonwealth also should be held to its end of its original bargain. The Commonwealth should not be permitted to seek to have that bargain nullified if, for example, the Commonwealth decides after the plea that the deal that it offered was too lenient, or otherwise did not satisfy the Commonwealth's overarching interests. However, I see no harm in adding to the rule a provision that permits the Commonwealth to apply for the withdrawal of a guilty plea when the Commonwealth has demonstrated that the defendant's actions subsequent to the entry of the plea have caused undue prejudice to the Commonwealth or have undermined the foundation of the original bargain.

For these reasons, I am troubled by the terms of Rule 591, and encourage the Committee to examine this rule closely. Nonetheless, despite these concerns, I join the opinion of the learned Majority.