J-A18004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD J. DESABETINO, II | : | |
| | : | |
| Appellant | : | No. 1435 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 27, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0013014-2014

BEFORE: STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED: NOVEMBER 22, 2022**

Appellant, Richard DeSabetino, II, appeals from the judgment of sentence entered on June 27, 2019 in the Court of Common Pleas of Allegheny County, following his conviction of a multitude of offenses. Appellant contends that the trial court abused its discretion by refusing to accept Appellant's mid-trial guilty plea. Following review, we affirm.

We provide the following factual and procedural background for context. Appellant was charged in relation to a series of events that occurred on August 6, 2014. After Appellant's first trial ended in a mistrial, Appellant proceeded to a second jury trial before a different judge in March 2019. At the beginning of the March 2019 trial, Appellant confirmed on the record that he was rejecting a global plea offer of seven and a half to fifteen years in prison for the instant case and other pending proceedings. On the second day of trial,

Appellant stated on the record that he wanted trial counsel "off his case."[1] He then elected not to be present for the day's proceedings.

Before testimony was presented on the third day of trial, Appellant's counsel asked if the trial court would allow Appellant to consider a plea carrying a term of imprisonment of eight and a half to twenty years. Following a side bar discussion with Appellant, the trial court announced it would not take a plea.

At the conclusion of the March 2019 proceedings, the jury convicted Appellant of robbery, fleeing and eluding, theft by unlawful taking, accident involving death or personal injury, driving under suspension, and four counts of recklessly endangering another person. However, the jury was hung on two counts of aggravated assault. A subsequent jury found Appellant guilty on both aggravated assault counts. On June 26, 2019, the trial court sentenced Appellant to an aggregate sentence of twenty years and eight months to forty-one years and four months in prison.[2] A timely appeal followed. Trial Court Opinion, 12/19/19, at 1-2.

Appellant's appeal was eventually dismissed due to then-counsel's failure to file a brief. His direct appeal rights were ultimately reinstated on

---

[1] *See* Notes of Testimony, Trial, 3/6/19, at 242-47.

[2] The trial court explained that "[t]his sentence included seven other cases in which a global plea agreement was reached but are not the subject of this appeal." Trial Court Opinion, 12/19/19, at 2 n.4.

October 29, 2021 and this timely appeal followed. Appellant filed his concise statement of errors, raising eight issues. The trial court filed a Rule 1925(a) opinion, incorporating its responses to the eight claimed errors as previously set forth in its December 19. 2019 opinion.

On appeal to this Court, Appellant asks us to consider two of the eight alleged errors raised in his Rule 1925(b) statement:

I. Whether the trial court abused its discretion by rejecting a reasonable plea agreement which was offered by the Commonwealth and agreed to knowingly, voluntarily, and intelligently by [Appellant] during the March 2019 trial.

II. Whether the trial court erred by rejecting a reasonable plea agreement which was offered by the Commonwealth and agreed to knowingly, voluntarily, and intelligently by [Appellant] during the March 2019 trial because [Appellant] asserted a constitutional right.

Appellant's Brief at 6. We shall consider these related issues together.

We review the trial court's decision not to accept the plea agreement for abuse of discretion. As this Court explained in **Commonwealth v. Chazin**, 873 A.2d 732 (Pa. Super. 2005):

> "The Pennsylvania Rules of Criminal Procedure grant the trial court broad discretion in the acceptance and rejection of plea agreements. There is no absolute right to have a guilty plea accepted." **Commonwealth v. Hudson**, 820 A.2d 720, 727–28 (Pa. Super. 2003). Accordingly, our Courts have reaffirmed that "[w]hile the Commonwealth and a criminal defendant are free to enter into an arrangement that the parties deem fitting, the terms of a plea agreement are not binding upon the court. Rather the court may reject those terms if the court believes the terms do not serve justice." **Commonwealth v. White**, 787 A.2d 1088, 1091 (Pa. Super. 2001). As these holdings make apparent, the Commonwealth's offer of [a] plea, even if accepted by the defendant unequivocally, does not dispose of a criminal

- 3 -

prosecution; indeed, the plea bargain is of no moment until accepted by the trial court.

*Id.* at 737.  Further, as this Court observed in ***Commonwealth v. Ritz***, 153 A.3d 336 (Pa. Super. 2016),

> a plea agreement does not become binding on the parties upon their consent to terms; rather, a plea agreement is not valid and binding until it is evaluated and accepted by a third party, *i.e.*, a trial court.  ***See*** Pa.R.Crim.P. 590(A)(3) (stating that a judge may refuse to accept a plea of guilty or *nolo contendere* and that the judge shall not accept the plea unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered).

*Id.* at 342.

As the above passages reflect, even if a defendant accepts the terms of a plea offer, the agreement is not binding unless and until the trial court evaluates and accepts the offer.  Here, the record reflects the following exchanges (with minor redactions) between Appellant and the trial court on the third day of trial:

> **THE COURT**: So, Mr. DeSabetino, counsel have approached at side bar here to ask me whether I would consider allowing you to consider a plea offer at this stage of the proceedings. . . .
>
> So as I told them at side bar, I am concerned at this point that you would not be in a circumstance where you could accept a plea knowingly, intelligently and voluntarily for a couple reasons.
>
> One is that you told me that you think [trial counsel] was ineffective, and so I don't want to force you to take a plea because of that.  And two - -
>
> **APPELLANT:** You have a point.
>
> **THE COURT:** Pardon?

- 4 -

**APPELLANT:** No. I said you have a point.

**THE COURT:** And 2, because before the trial began, there was a plea offer and you told me quite adamantly that you were rejecting it.

So I'm going to ask you some additional questions, and once again, you remain under oath. We are on the record.

You rejected the plea offer that was made before trial, correct?

**APPELLANT:** Correct.

**THE COURT:** Now, there is a plea offer that's been relayed to [trial counsel], and he relayed it to you; is that correct?

**APPELLANT:** Yes.

**THE COURT:** Okay. And would you like to consider that plea offer?

**APPELLANT:** I would like to, but I was just in discussion with my attorney, and I thought – I know the first plea was for 7-and-a-half to 15, and I just asked him if he could possibly raise it with them – I thought it could be nolo contendere for 8-and-a-half to 16, but they said prosecution wants an 8-and-a-half to 20 years sentence.

**THE COURT:** Well, I don't engage in plea discussions. So the offer on the table is what it is that [the prosecutor related to trial counsel] and read to you. . . .

And I can't force either side – I can't ask the Commonwealth to make a plea offer. I can't force you to take one, and I wouldn't. That would not be justice.

So the offer is what it is. Do you want to take a chance to consider that offer, and if you do, understand it is going to be a limited window here, because I have a jury sitting upstairs. . . .

**APPELLANT:** Can I discuss something with my attorney, real quick?

**THE COURT:** Yes, you may.

- - - - -

(Whereupon, a brief recess was taken.)

- - - - -

**THE COURT:** Okay. So have you had a chance to discuss the offer with [trial counsel]?

**APPELLANT:** Yes, I did, Your Honor.

**THE COURT:** Do you need any more time?

**APPELLANT:** No. From my understanding, [trial counsel] is going to go and see if [another judge involved in the proposed global settlement] is willing to work with us, and if she is, I'm going to have them out [*sic*] and call it a day.

**THE COURT:** Okay. Going back to the original concern that I had, because you can choose to accept a plea offer, but I don't have to accept. You understand that?

**APPELLANT:** Yes, Your Honor.

**THE COURT:** And I won't accept it if what you're telling me is that you think [trial counsel] has been ineffective as an attorney and that you're only taking this plea because you think he has done a bad job representing you.

**APPELLANT:** I mean, he just negotiated a good plea for me. I mean so - -

**THE COURT:** No. That's not the question I'm asking. He had negotiated a plea for you before as well, and you rejected that plea. So the question I'm asking, and I'm going to be very clear here, okay. I don't need more work.

**APPELLANT:** I understand.

**THE COURT:** So I don't want to write frivolous opinions on appeal.

**APPELLANT:** I understand.

**THE COURT:** I also don't want to have somebody take a plea because they feel that they are being forced to do so, for whatever reason, whether it's because their attorney tells them that they

- 6 -

are going to lose the case or whether it is because the defendant believes the attorney is doing a bad job and has been ineffective in representation.

**APPELLANT:** . . . [W]e have an understanding right now, if that's what you're trying to get at, with an understanding, and everything is okay with his representation as of right now forward.

**THE COURT:** So contrary to what you told me on [the second day of trial], contrary to what you told your mother on the phone, contrary to what you told the deputy in the hallway and contrary to what you told me [on the second day of trial], you're now telling me that you do think [trial counsel] has done a good job representing you? You may not agree with every decision he has made, but you're not going to claim that he has done a bad job, that he has been ineffective, that he has made errors in his trial strategy or in the presentation of your case that forced you to need to take a plea.

**APPELLANT:** Yes. He hasn't forced me to do anything. He helped me out – he helped me get a plea. That's what I was here for. They either get a plea or finish this trial and be immediately sentenced. He has helped me out, yes.

**THE COURT:** So he has helped you out with negotiating a plea, but he did that before the trial, too.

**APPELLANT:** Yes, he did.

**THE COURT:** And then between that time and now, you have accused him of being ineffective, that he is doing a terrible job. That's what you were saying.

Are you taking a plea today because you think he has been ineffective?

**APPELLANT:** I mean, can I plead the Fifth on that?

**THE COURT:** No. I'm not going to take a plea. Let's bring the jury down.

Notes of Testimony, Trial, 3/8/19, at 404-10.[3]

In its opinion, after providing a brief synopsis of the above exchange, the trial court explained:

From his answer to this court's direct inquiry [as to taking a plea because he believed counsel has been ineffective], his history of dissatisfaction with every lawyer he had, and from statements made by Appellant, this court concluded that Appellant was setting up a subsequent challenge to the voluntary aspect of his plea by suggesting that he was forced to enter a plea because his lawyer was ineffective. Therefore, [the court] did not err in refusing to accept a plea under these circumstances.

Trial Court Opinion, 12/19/19, at 5 (unnumbered).

Again, and as Appellant acknowledged:

A trial court's decision to reject a plea agreement is subject to an abuse of discretion standard. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the record, discretion is abused." ***Commonwealth v. Herbert***, 85 A.3d 558, 561 (Pa. Super. 2014).

Appellant's Brief at 5.

Appellant contends the trial court abused its discretion in rejecting the plea agreement, arguing that his willingness to acknowledge fault in his case—by accepting a lengthy prison term—indicates that the interests of justice would be served by accepting the agreement. Appellant's Brief at 26-27. However, the trial court's concern, as reflected in its opinion, was that Appellant was attempting to set up a challenge to the voluntary aspect of his

---

[3] No proceedings took place on March 7, 2019.

- 8 -

plea. Trial Court Opinion, 12/19/19, at 5 (unnumbered). As such, the plea would not serve the interests of justice. We find no abuse of discretion in this regard.

We next address Appellant's assertion that the trial court rejected the plea in retaliation for Appellant asserting a Fifth Amendment right. We dismiss that assertion. As the above exchange reflects, the trial court noted Appellant's stated dissatisfaction with trial counsel's representation and asked Appellant if he wanted to accept the plea because he thought counsel has been ineffective. In response, Appellant replied, "I mean, can I plead the Fifth on that?" Notes of Testimony, Trial, 3/6/19, at 410. Whether Appellant's question was rhetorical or sincere, it was a question, not the assertion of a Fifth Amendment right. Appellant simply asked a question in response to a question from the trial court—a question that could not have subjected Appellant to any criminal liability. More importantly, the trial court's stated reason for its decision to reject the plea—the concern that Appellant was attempting to set up a challenge to the voluntary aspect of his plea—dispels any notion that the court was acting in retaliation for Appellant's "assertion" of a constitutional right.

We find no abuse of discretion in the trial court's rejection of the plea deal offered at the beginning of proceedings on the third day of Appellant's March 2019 trial. Therefore, we shall not disturb its ruling.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/22/2022