J-S12042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID WAYNE NEMETH, II, | : | |
| | : | |
| Appellee | : | No. 926 EDA 2015 |

Appeal from the Order Entered March 25, 2015,
in the Court of Common Pleas of Monroe County,
Criminal Division, at No(s): CP-45-CR-0001184-2010

BEFORE:  MUNDY, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 22, 2016**

The Commonwealth appeals from the March 25, 2015 order granting the motion to enforce a plea agreement filed by Appellee, David Wayne Nemeth, II (Appellee).  We affirm.

On May 27, 2010, Appellee was arrested and charged with involuntary deviant sexual intercourse (IDSI), statutory sexual assault, aggravated indecent assault, indecent assault, unlawful contact with a minor, and corruption of minors. On November 3, 2010, Appellee pled guilty to corruption of minors and unlawful contact with a minor.  Under the terms of the plea agreement, the remaining charges were *nolle prossed* by the Commonwealth.

_____

* Senior Judge assigned to the Superior Court.

On February 18, 2011, Appellee was sentenced to an aggregate term of 36 to 72 months of incarceration. As a result of his conviction for unlawful contact with a minor, Appellee was required to register as a sex offender under Megan's Law II[1] for a period of ten years.

On December 20, 2011, the legislature enacted the Sex Offender Registration and Notification Act (SORNA). **See** 42 Pa.C.S. § 9799.41. SORNA became effective on December 20, 2012 and, *inter alia*, increased the registration period for those convicted of unlawful contact with a minor from ten to 25 years. Because he was under parole supervision at the time SORNA went into effect, Appellee was subject to the new registration provisions.

On October 31, 2014, Appellee filed a motion seeking to enforce the terms of his plea agreement in which he contended that the increased registration time required by SORNA violated the terms of his guilty plea agreement because he had specifically bargained for a ten-year registration period. A hearing was held on January 12, 2015, and on March 25, 2015, the trial court granted Appellee's motion. The Commonwealth timely filed the instant appeal. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth first argues that the trial court erred in holding that the ten-year registration period imposed on Appellee at

---

[1] 42 Pa.C.S. §§ 9795.1—9799.4.

- 2 -

sentencing "was not a specific bargained[-]for term" of the plea agreement. Commonwealth's Brief at 10.

In considering this issue, we apply the following principles. "[E]ven though a plea agreement arises in a criminal context, it remains contractual in nature and is to be analyzed under contract law standards." *Commonwealth v. Hainesworth*, 82 A.3d 444, 449 (Pa. Super. 2013) (*en banc*) (citations omitted).

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decisions. However, we are bound by the trial court's credibility determinations.

*Calabrese v. Zeager*, 976 A.2d 1151, 1154 (Pa. Super. 2009) (citations omitted).

Parties must state the terms of a plea agreement on the record and in the presence of the defendant. Pa.R.Crim.P. 590(B)(1). "If a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney." *Hainesworth*, 82 A.3d at 449 (citation omitted). "The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to-and seek enforcement of-terms that fall outside these areas." *Id.* (citation omitted). Because plea bargaining is such an integral part of our criminal justice system, specific

enforcement of valid plea bargains is a matter of fundamental fairness.

***Commonwealth v. Mebane****,* 58 A.3d 1243, 1249 (Pa. Super. 2012).

> [D]isputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government.

***Commonwealth v. Kroh,*** 654 A.2d 1168, 1172 (Pa. Super. 1995) (citations

omitted).

In ***Hainesworth****,* an *en banc* panel of this Court was asked to consider whether retroactive application of the SORNA registration requirements breached the terms of Hainesworth's plea agreement. ***Hainesworth***, 82 A.3d at 446-47. Applying the contract principles outlined above, the ***Hainesworth*** Court concluded that the trial court did not err in ordering specific enforcement of Hainesworth's plea bargain. ***Id.*** at 447. In upholding the trial court's determination, the Court found significant the terms of the plea bargain, which required the Commonwealth to withdraw all charges carrying a Megan's Law registration requirement, and the Commonwealth's repeated assurances during the plea process that it was not seeking registration. ***Id.*** at 445-48. Accordingly, the Court determined that the objective evidence of record supported the conclusion that the parties had negotiated a plea that would not require Hainesworth to register as a sex

offender; thus, imposition of a registration requirement based on a subsequent change in law, would breach that agreement. *Id.* at 450.

Instantly, the terms of Appellee's guilty plea provided that he would enter a plea to the charges of unlawful contact with a minor and corruption of minors and the Commonwealth would *nolle pros* the remaining IDSI, statutory sexual assault, aggravated indecent assault, and indecent assault charges. N.T., 11/3/2010, at 14. At the time of the plea, a defendant convicted of IDSI and/or aggravated indecent assault was subject to a lifetime registration period under 42 Pa.C.S. § 9795.1(b).[2] Appellee was advised by the Commonwealth and the trial court that the unlawful contact conviction carried a ten-year Megan's Law registration period.

> [The Assistant District Attorney]: Yes, Your Honor. [Appellee] is … pleading guilty to Count 5, unlawful contact with a minor, which is a felony of the second degree. … As well as Count 6, which is a misdemeanor of the first degree[.]
>
> … And he also understands there's a ten-year Megan's Law Registration.
>
> THE COURT: Okay. [Appellee], you understand the maximum penalty on each of those … [and t]hat you are also going to have a Megan's Law registration that goes along with this; do you understand that, sir?
>
> [Appellee]: Yes, Your Honor.

*Id.*

---

[2] The crimes of statutory sexual assault and indecent assault were not subject to registration under 42 Pa.C.S. § 9795.1.

Consistent with this agreement, at sentencing, the assistant district attorney specifically clarified the registration requirement, stating "Now, there is one, I think, oversight in the [pre-sentence investigation report], and it suggests that [unlawful contact] is a lifetime registration offense. **It is not. It is a 10-year registration offense, and that is all that it is**." N.T., 2/18/2011, at 4 (emphasis added). Moreover, following imposition of sentence, the district attorney recited for the record the terms of the Megan's Law notification signed by Appellee and reiterated that the registration period was ten years.

> [Assistant District Attorney]: Your Honor, I have the two-page notification at sentencing pursuant to Megan's Law. [Appellee] has initialed all the paragraphs and signed the last page thereby indicating that he has to register his current address with the Pennsylvania State Police and provide other information as required by law upon release from incarceration or upon parole from a state or county correctional facility.
>
> If he changes his residence, he must notify the Pennsylvania State Police within 48 hours.
>
> If he changes his residence and resides in a state outside of Pennsylvania, he must notify the appropriate law enforcement agency of that state within 48 hours.
>
> If he's unemployed or carries on a vocation or is a student outside of the state of his residence, he has to register with that state if it requires registration.
>
> Periodically, an address verification form will be sent to him. He has to complete it and submit it back to the Pennsylvania State Police within 48 hours.
>
> Registration shall be for a period of 10 years. Failure to abide by these conditions would subject him to additional criminal penalties including felony offenses.

- 6 -

*Id.* at 9-10.

Based on the above, and following a hearing and submission of briefs by both parties, the trial court found credible Appellee's argument that the ten-year Megan's Law registration period attached to Appellee's unlawful contact with a minor conviction was an essential term in the agreement negotiated between Appellee and the Commonwealth. Trial Court Opinion, 3/27/2015, at 5-6 (unnumbered). The court reasoned as follows.

> [U]nder the totality of the circumstances, [] the plea agreement was structured in a way that [Appellee] would only be subject to the ten year Megan's Law registration requirement. All the counts requiring a twenty-five [year] or lifetime registration were *nolle prossed* by the Commonwealth in return for [Appellee] entering an open guilty plea to the two remaining counts, one of which resulted in the ten[-]year registration requirement. Considering the structure of the open plea agreement to *nolle pros* the charges with longer Megan's Law registration requirements and the answers on [Appellee's] written guilty plea colloquy, the ten[-]year Megan's Law registration appears to have been an essential term to the negotiated plea agreement made by [Appellee] with the Commonwealth.

*Id.* at 4-6 (unnecessary capitalization and footnotes omitted).

It is well-settled that "the paramount goal of contract interpretation is to ascertain and give effect to the parties' intent. When the trier of fact has determined the intent of the parties to a contract, [we] will defer to that determination if it is supported by the evidence." *Commonwealth v. Herbert*, 85 A.3d 558, 562 (Pa. Super. 2014) (citation omitted). Accordingly, as the record supports the trial court's determination that the

- 7 -

parties intended the ten-year registration period to be a specific term of Appellee's plea agreement, we discern no error in the trial court's grant of relief.

The Commonwealth also contends that the trial court erred in applying this Court's **Hainesworth** analysis in this case. Specifically, the Commonwealth argues that **Hainesworth** is factually distinguishable from the instant case because the terms of Appellee's plea agreement always required him to register for some period of time. Commonwealth's Brief at 22-24. We disagree.

Application of **Hainesworth** is not limited to plea bargains involving non-registration. **See Commonwealth v. Nase**, 104 A.3d 528 (Pa. Super. 2014) (reversing the trial court's determination that the terms of a plea agreement did not include a specific period of registration where the record made at the guilty plea and sentencing hearings established that a ten-year period of registration was a specifically bargained-for term of Nase's plea agreement). Nor does there need to be an explicit statement made on the record for **Hainesworth** and its progeny to apply.[3]

---

[3] The plea in **Hainesworth** was set forth on the record as follows.

[COURT ASSISTANT:] Is this Megan's Law?

[THE COMMONWEALTH:] It is not Megan's Law. Terms and conditions are as follows: At Count 1 on case 106, 11-and-a-half to 23-and-a-half months['] incarceration. Costs and fees. No contact direct or indirect with the victim or the victim's family. At Count 2, 11–and–a–half to 23 concurrent to Count 1. Count 3,

no further sentence. Count 6, one year probation consecutive to Count 2. Count 7, one year probation consecutive to Count 6. Count 8, one year probation consecutive to Count 7. Count 9, two years[`] probation consecutive to Count 8. That's a total of five years[`] probation.

 [THE COURT:] These are felony sexual assault and they're not Megan's Law?

[THE COMMONWEALTH:] The Commonwealth will move to dismiss Counts 4, 5 and 10. They are not. They're statutory—

[THE COURT:] Statutory sexual assault, felony two.

[THE COMMONWEALTH:] Is not Megan's Law.

[THE COURT:] You're dismissing 4 and 5?

[THE COMMONWEALTH:] And 10.

[THE COURT:] 4, 5 and 10.

...

Subsequently, the following exchange occurred:

[THE COURT:] [W]as the agreement stated correctly by the Commonwealth?

[COUNSEL FOR HAINESWORTH:] Yes, it was.... Do you have any questions about anything you read?

[HAINESWORTH:] No, sir....

[THE COURT:] There's no restitution or anything like that?

[THE COMMONWEALTH:] There is not, Your Honor.

Hainesworth then asked if he was eligible for school release, and the trial court addressed his question. Likewise, Hainesworth asked for clarification regarding time credit, and the court explained this to him as well. The court then accepted Hainesworth's plea, and the hearing was adjourned.

It is unambiguous from the record before us that the agreement negotiated between Appellee and the Commonwealth was specifically designed to require **only** a [ten-year] registration period. Both parties to this appeal, as well as the trial court, understood that lifetime registration was not included as a part of Appellee's plea bargain, but more importantly, a ten-year term was. As a result, when considering the circumstances as a whole, we agree with the trial court that there was ample objective evidence of record that the parties bargained for a specific period of registration. Accordingly, we discern no error in the trial court's application of **Hainesworth** to the instant case.[4]

For all of the foregoing reasons, we affirm the trial court's March 25, 2015 order.

Order affirmed.

_____

**Hainesworth**, 82 A.3d 444, 447-48 (Pa. Super. 2013) (citations omitted).

[4] The remainder of the Commonwealth's appellate issues all assume that the trial court erred in holding that the ten-year registration requirement was a bargained-for contractual term of Appellee's plea agreement. Commonwealth's Brief at 4. Because we have held that the trial court was correct, we need not consider the rest of the Commonwealth's arguments.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2016