J-S60023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID LAWRENCE BELINDA | : | |
| | : | |
| Appellant | : | No. 1018 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005016-2018

BEFORE:  SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.:     **FILED MARCH 11, 2020**

Because I would hold that David Lawrence Belinda (Belinda) did not need to object when the trial court withdrew the joint negotiated plea agreement, and because I would find that the trial court abused its discretion in doing so, I respectfully dissent.

As the majority recounts, Belinda was charged with burglary, criminal trespass, simple assault and attempt to commit criminal mischief.  ***See*** Information, 12/7/18.  After the case was listed for trial, the Commonwealth and Belinda sought the trial court's approval of a negotiated plea agreement. Under that agreement, Belinda would plead guilty to one count of simple

_____

[*] Retired Senior Judge assigned to the Superior Court.

assault in exchange for a sentence of time served to 23 months of incarceration.

Prior to approving the negotiated plea agreement, the trial court conducted a "standard" colloquy on the record. Belinda also completed a written guilty-plea colloquy. During the oral colloquy, the trial court inquired if Belinda understood that the trial court was not bound by the plea agreement. Belinda answered these questions in the affirmative as well as stating that he had agreed to the terms of the guilty plea. Following the colloquies, the trial court concluded that Belinda's guilty plea was knowingly and voluntarily entered and the matter proceeded to sentencing. The trial court then advised Belinda of his right to allocution, prompting the following exchange:

> [The trial court]: [Belinda], you have the right of allocution. . . .
> Is there anything that you want to say at this time?
>
> [Belinda]: I just want to say you're welcome.
>
> [The trial court]: Say what?
>
> [Belinda]: I just want to say you're welcome for your victory.
>
> [The trial court]: All right. Bring the jury panel up now. I'm not
> going to put up with nonsense like this and game playing.

N.T., 6/19-20/19, at 8.

*Sua sponte*, the trial court then withdrew Belinda's guilty plea pursuant to Pa.R.Crim.P. 591(A) thereby refusing to approve the negotiated plea agreement and the case proceeded to a jury trial. The jury acquitted Belinda

of burglary but found him guilty of criminal trespass, simple assault and criminal mischief.

After the verdict and prior to sentencing, Belinda was permitted to address the trial court.

[The trial court]: Is there anything that you want to say at this time?

[Belinda]: I did not know saying you're welcome for the victory was a sign of saying I want to go to trial. That was congratulating you guys on me conceding that you guys won, that I conceded to the decision. I did not say I wanted to go to trial at any time --

[The trial court]: Well --

[Belinda]: -- Your Honor.

[The trial court]: -- the thing that influenced the [trial court] at that point was your utter lack of any showing of remorse and the cynical, snide expressions that you used, and it was to the [trial court] in declaration that you didn't do any of these things and, you know, you were just taking it easy on everybody else.

N.T., 6/19-20/19, at 241-242. The trial court then sentenced Belinda to an aggregate term of 28 months to 12 years of incarceration. Needless to say, this was a much harsher sentence than the time served to 23 months of incarceration that was to be imposed in the negotiated plea and which the trial court ultimately refused to approve.

On appeal, Belinda contends that the trial court erred by *sua sponte* withdrawing the negotiated plea agreement. The majority does not reach the merits of that issue, finding that Belinda waived the claim for lack of an

objection to the trial court's withdrawal of his plea. This issue of preservation was neither raised by the Commonwealth nor briefed by the parties on appeal.

I dissent because there was no need for Belinda to object to the withdrawal of a negotiated plea agreement. When the trial court withdrew the negotiated plea, that ended the matter because the trial court had definitely ruled, having already heard from the parties why they believed the plea agreement was proper. **See e.g.**, Pa.R.E. 103(b) ("Once the court rules definitely on the record [as to the admission of evidence] – either before or after trial – a party need not renew an objection or offer of proof to preserve a claim of error for appeal."). Once the request to approve the negotiated plea was denied, there was no need for Belinda to object to a ruling that the trial court had already made.

The majority attempts to support its conclusion by suggesting that Belinda's failure to object was some sort of calculation on his part to engage in "verdict-testing." The majority speculates that Belinda had a Machiavellian scheme to lure the trial court into withdrawing the negotiated plea right after it was entered so that he would get to test whether the jury would fully acquit him, keeping the plea agreement as a fallback option. Not only is this scenario far-fetched, there is no evidence in the record to support even an inference that that was what occurred here.

Moreover, the case cited by the majority, **Commonwealth v. Culsoir**, 209 A.3d 433, 437 (Pa. Super. 2019), has no application to this case. **Culsoir**

- 4 -

holds that a defendant cannot normally withdraw a plea post-sentence because it would encourage "entry of guilty pleas as sentencing-testing devices." 209 A.3d at 437. Again, that is not what occurred here. The record is clear that there was no strategic purpose to Belinda's comments, nor in his acceptance of the trial court's decision not to accept his plea. After the trial was over, Belinda only exercised his right before sentencing to explain his earlier comments in hopes that the trial court would not impose a harsher sentence than what he had negotiated.

As to the merits, the trial court failed to give a proper basis for directing the withdrawal of Belinda's plea and rejecting the negotiated plea agreement. Contrary to the majority's apparent position that the trial court took the proper course out of need to prevent Belinda's attempted gamesmanship, the focus should be on whether the trial court adequately stated why its *sua sponte* withdrawal of the plea was proper.

Under Pa.R.Crim.P. 591(A), a trial court may withdraw a defendant's plea of guilty or *nolo contendere* prior to sentencing. **See Commonwealth v. Herbert**, 85 A.3d 558, 562 (Pa. Super. 2014). However, a trial court's discretion to do so has its limits:

> We conclude that when deciding whether to *sua sponte* withdraw a defendant's guilty plea prior to sentencing, a trial court may properly consider whether the defendant has fulfilled his or her obligations under the plea agreement. This includes considering whether the defendant has cooperated during the sentencing process, *i.e.* appearing for his or her pre-sentence interview and sentencing hearing. However, a trial court may not, in most circumstances, consider subsequent criminal activity by the

defendant in deciding whether to *sua sponte* withdraw his or her guilty plea because, in most cases, such activities are not relevant to the validity of the plea.

*Id*. at 565.

Additionally, a trial court only has discretion to order the withdrawal of a plea "based on a claim of innocence" where "the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1292 (Pa. 2015). A "bare assertion of innocence is not, in and of itself, a sufficient reason" to withdraw a guilty plea. *Id*. at 1285. In no case has a Pennsylvania appellate court condoned a trial court's *sua sponte* withdrawal of a duly entered guilty plea based solely on a defendant's perceived impertinence.

Significantly, the trial court initially accepted Belinda's plea and was about to honor his negotiated agreement for a sentence of time served as to one count of simple assault. It was only during the allocution that Belinda offended the trial court with a flippant remark. Clearly, Belinda's comments did not constitute a failure on his part to fulfill any necessary obligations under the plea agreement. Nor did saying "you're welcome" to the trial court reasonably suggest that Belinda wanted to assert his innocence or retract his guilty plea.

In fact, if the trial court doubted Belinda's desire to accept his guilt, it was incumbent on the trial court to seek further clarification on that point.

- 6 -

*See Carrasquillo*, 115 A.3d at 1292. The trial court made no such inquiry, and as the record stands, Belinda never indicated in any way that he wanted to withdraw his plea or go to trial.

In this case, the record lacks a "colorable demonstration" that withdrawal of the plea would be necessary to promote fairness and justice. To the contrary, the withdrawal of Belinda's plea completely undermines the purpose of the rules governing withdrawal of a plea and courtroom management.[1]

Because there was no need for Belinda to object when the trial court refused to approve the negotiated plea agreement, and I see nothing in the record that supports the *sua sponte* withdrawal of Belinda's plea, I would vacate the judgment of sentence and remand the case with directions for the trial court to honor the original plea agreement.

---

[1] Belinda's comment clearly fell far short of the type of contumacious conduct that would obstruct the administration of justice and expose him to sanction for the summary offense of direct criminal contempt. *See generally Commonwealth v. Moody*, 125 A.3d 1 (Pa. 2015). For criminal contempt, and specifically "misbehavior" in the presence of a court, the statutory maximum is only 30 days. *See* 42 Pa.C.S. § 4137(c). More generally, the maximum term for a summary offense is 90 days. *See Commonwealth v. Bernal*, 600 A.2d 993, 994-95 (Pa. Super. 1992) (citing 18 Pa.C.S. § 106(c)(2)). A third-degree misdemeanor is punishable by up to one year. *See* 42 Pa.C.S. § 106(b)(8). Yet, in a roundabout way, Belinda's remark subjected him to a period of additional prison time that far exceeds the maximum punishment for those more serious offenses.