J-S31019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROYD P. CONYERS, | : | |
| | : | |
| Appellant | : | No. 1165 WDA 2016 |

Appeal from the Judgment of Sentence July 15, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0000683-2013,
CP-10-CR-0000684-2013, CP-10-CR-0000685-2013,
CP-10-CR-0000686-2013, CP-10-CR-0001004-2013

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    FILED OCTOBER 17, 2017

Appellant, Jeroyd P. Conyers, appeals from the July 15, 2016 Judgments of Sentence entered in the Butler County Court of Common Pleas.[1]  After careful review, we vacate the Judgments of Sentence and remand for resentencing.

On October 11, 2013, Appellant entered open guilty pleas to five counts of Possession of a Controlled Substance with Intent to Deliver

_____

[1] Appellant purports to appeal from the July 15, 2016 PCRA Order.  The PCRA court granted Appellant's PCRA Petition on May 19, 2016.  The PCRA court then resentenced Appellant on July 15, 2016.  Appellant's pro se Brief challenges his new Judgments of Sentence in the form of a direct appeal rather than an appeal from the PCRA Order.  We have changed the caption accordingly.

("PWID")[2] and one violation of the Uniform Firearms Act.[3]  The charges were spread over five different dockets.  On December 17, 2013, the trial court sentenced Appellant to an aggregate term of 12 to 24 years' incarceration. Appellant did not appeal.

Appellant filed his first PCRA Petition pro se on May 27, 2014.  The PCRA court appointed counsel on June 9, 2014.  Appellant also filed a pro se PCRA Petition on November 13, 2014.  Counsel filed a Turner/Finley[4] Letter and Petition to Withdraw on November 26, 2014.  The PCRA court permitted counsel to withdraw on January 21, 2015.  Appellant filed a pro se Petition on February 9, 2015.  On February 13, 2015, the court dismissed the May 27, 2014 PCRA Petition without a hearing.

Appellant appealed pro se, but this Court dismissed the appeal for failure to file a brief.  See Commonwealth v. Conyers, No. 399 WDA 2015 (Pa. Super. filed July 6, 2015).

On August 24, 2015, after this Court dismissed the appeal from the denial of Appellant's first PCRA Petition, the PCRA court re-appointed Matthew J. Kalina, Esq., to represent Appellant for PCRA purposes after determining Appellant's PCRA Petition filed pro se on February 9, 2015,

_____

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 6105.

[4] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

would be treated as an Amendment to his first PCRA Petition. On October 1, 2015, Appellant filed another pro se PCRA Petition, which Attorney Kalina later amended on March 23, 2016, challenging the legality of his mandatory minimum sentences pursuant to Alleyne v. United States, 133 S.Ct. 2151 (2013).

By agreement, the PCRA court granted Appellant's PCRA Petition on May 19, 2016. On July 15, 2016, following the resentencing hearing, the trial court altered its sentences imposed on three counts in three of the five cases, which resulted in an aggregate sentence of 11½ to 24 years' incarceration.

Notwithstanding his representation by counsel, Appellant filed a pro se Notice of Appeal on August 8, 2016, listing all five criminal dockets. Curiously, even though Attorney Kalina was still counsel of record, the trial court did not forward Appellant's pro se Notice of Appeal to Attorney Kalina. See Commonwealth v. Jette, 23 A.3d 1032, 1044 (Pa. 2011) (holding that generally "the proper response to any pro se pleading is to refer the pleading to counsel[.]"). The court did properly docket the Notice of Appeal in accordance with 210 Pa. Code § 65.24.

On August 17, 2016, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors, but did not serve Appellant's counsel of record. Instead, the court served the Order on Appellant pro se. On August 25, 2016, Appellant complied with the trial court's Order and filed a

pro se Pa.R.A.P. 1925(b) Statement of Errors challenging the legality of his new sentence. On November 4, 2016, the trial court filed a responsive Pa.R.A.P. 1925(a) Opinion addressing only one docket. The trial court did not forward Appellant's Rule 1925(b) Statement and the court's 1925(a) Opinion to counsel as required by 210 Pa. Code § 65.24 ("Hybrid Representation").

On June 15, 2017, this Court remanded to the trial court for a Grazier[5] hearing. On remand, the trial court conducted a Grazier hearing and permitted Appellant to proceed pro se on appeal. In accordance with our remand order, the trial court filed a new Pa.R.A.P. 1925(a) Opinion addressing the sentences imposed on all five dockets listed in Appellant's Notice of Appeal.[6] See Trial Court Opinion, 9/1/17, at 1-3.

Appellant presents three issues for our review:

> [1.] Is appellant entitled to be resentenced inasfar as the PCRA court erred in encroaching [A]ppellant's plea deal when it initially promised consideration for a downward departure in sentencing in return for said plea deal not to go to trial?

_____

[5] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

[6] In its November 4, 2016 Rule 1925(a) Opinion, the trial court had concluded that Appellant's appeal pertained solely to docket No. CP-10-CR-0000683-2013 so it would "take no action with regard" to the other four cases. Contrary to the trial court's conclusion, the certified record and Appellant's Notice of Appeal plainly show that Appellant appealed from all five cases, and the docket entry for Appellant's Notice of Appeal clearly identified all five cases. See Notice of Appeal, filed 8/10/16. Hence, our request to the PCRA court for a new Rule 1925(a) Opinion.

[2.] Is Appellant entitled to be resentenced again inasfar as the PCRA court erred in its misapplication of [Alleyne] when it rendered its manifestly unreasonable sentence on July 15, 2016; resentencing [A]ppellant from 12-24 years to 11½ to 24 years in removal of its mandatory minimums?

[3.] Is [A]ppellant entitled to be resentenced inasfar as the PCRA [c]ourt disturbed sentence associated with case number CP-684-2013 to raise the ceiling on the sentencing range to enhance [A]ppellant's sentence as close to the original sentence with mandatory minimums of December 17, 2013's sentence therewith?

Appellant's Brief at 5 (reordered for convenience).

In his first issue on appeal, Appellant argues that he was denied the benefit of his original plea agreement, which provided that he "would receive a downward departure from the [sentencing] guidelines[.]" Appellant's Brief at 14.

"When interpreting the terms of a plea agreement, we apply general contract principles." Commonwealth v. Herbert, 85 A.3d 558, 562 (Pa. Super. 2014). This first issue is entirely a question of law, thus, our scope of review is plenary and our standard of review is de novo. Commonwealth v. Martinez, 147 A.3d 517, 530 (Pa. 2016).

Pennsylvania Rule of Criminal Procedure 590 governs guilty pleas and plea agreements, and states in relevant part:

(B) Plea Agreements

(1) When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for

the Commonwealth, that specific conditions in the agreement be placed on the record in camera and the record sealed.

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of nolo contendere is based.

Pa.R.Crim.P. 590(B).

"Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." Commonwealth v. Anderson, 995 A.2d 1184, 1191 (Pa. Super. 2010). "There is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea." Id. (citation omitted).

We look to the totality of the surrounding circumstances and what the parties reasonably understood as the terms of the agreement when determining whether the Commonwealth has breached a plea agreement. Most relevant here, "[i]n an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges." Commonwealth v. White, 787 A.2d 1088, 1089 n.1 (Pa. Super. 2001) (citation omitted).

There is no support in the record for Appellant's bald assertion that the Commonwealth agreed to a "downward departure" as part of Appellant's

original plea agreement on October 11, 2013. The certified record contains the original written guilty plea colloquies and accompanying documents that Appellant signed at the time of his guilty pleas. Contrary to Appellant's unsupported averment, these documents clearly show Appellant entered an open guilty plea. The attached paperwork indicates, inter alia, the possible maximum sentences and fines that could be imposed, while stating exactly which charges the Commonwealth would nolle pros as part of Appellant's guilty plea. The written plea colloquies do not state any particular sentencing recommendation. The transcript from Appellant's December 17, 2013 sentencing hearing confirms the accuracy of these written documents.[7]

Thus, Appellant's first claim lacks merit and he is not entitled to any relief related to the terms of his open guilty plea.

In his remaining issues, Appellant challenges the legality of his mandatory minimum sentences, pursuant to Alleyne v. United States, 133 S.Ct. 2151 (2013). Appellant's claims "implicate the legality of a sentence and such issues cannot be waived." Commonwealth v. Dickson, 918 A.2d 95, 99 (Pa. 2007). Moreover, this Court may raise legality issues sua

_____

[7] We note that the certified record does not contain the transcript from Appellant's October 11, 2013 open guilty plea hearing. The Pennsylvania Supreme Court has previously observed that "[t]he Rules of Appellate Procedure place the burden on the appellant to ensure that the record contains what is necessary to effectuate appellate review, and they provide procedures to address gaps or oversights in the compilation and transmission of the record." Commonwealth v. Powell, 956 A.2d 406, 423 (Pa. 2008).

sponte." See, e.g., Commonwealth v. Foster, 17 A.3d 332, 342 (Pa. 2011).

In Alleyne, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. Alleyne, 133 S.Ct. at 2160-61.

In its September 1, 2017 Rule 1925(a) Opinion, the trial court conceded that Appellant is serving at least one illegal sentence, a mandatory minimum sentence, imposed at docket No. CP-10-CR-0000686-2013, of 36 to 72 months' incarceration. Trial Court Opinion, dated 9/1/17, at 2-3. The trial court also acknowledged two additional errors related to Appellant's resentencing. Id. As a result, the trial court requested that this Court "remand these cases to the Court of Common Pleas for resentencing." Id. at 3.

Based on our review of the certified record in this case, we agree that remand is appropriate to provide the trial court with the opportunity to rectify several errors at a resentencing hearing on all five dockets, consistent with the dictates of Alleyne and its progeny.

Judgments of Sentence vacated. Cases remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017