J-A29006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID  MARTINEZ, | : | |
| | : | |
| Appellant | : | No. 1639 EDA 2017 |

Appeal from the Order Entered April 26, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001265-2013,
CP-48-CR-0001266-2013, CP-48-CR-0001267-2013,
CP-48-CR-0001268-2013, CP-48-CR-0001269-2013

BEFORE:   LAZARUS, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 19, 2018**

David Martinez appeals from the order, entered in the Court of Common Pleas of Northampton County, granting in part and denying in part his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Upon review, we affirm.

On January 2, 2014, Martinez entered a plea of *nolo contendere* to four counts of aggravated indecent assault and one count of attempted aggravated indecent assault.  The trial court accepted Martinez's plea, as well as the sentence negotiated with the Commonwealth.  On April 16, 2014, upon receipt

_____
* Retired Senior Judge assigned to the Superior Court.

of a *praecipe* for plea withdrawal filed by the Commonwealth, the court ordered Martinez's plea withdrawn, *sua sponte*.[1]

Subsequently, on May 30, 2014, Martinez entered a guilty plea to three counts of aggravated indecent assault, one count of attempted aggravated indecent assault, and one count of sexual assault. Although the Commonwealth had agreed to an aggregate sentence of 12 to 24 years' incarceration, plus 16 years of probation, the court mistakenly sentenced Martinez to an aggregate sentence of 12 to 24 years, plus twenty years' probation. Martinez's *pro se* post-sentence motions were denied by operation of law and he filed no direct appeal.

---

[1] Pennsylvania Rule of Criminal Procedure 591(A) provides for the withdrawal of guilty and *nolo contendere* pleas as follows:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). Although the Rules of Criminal Procedure do not provide a mechanism by which the Commonwealth may initiate plea withdrawal proceedings, "[t]ypically, the trial court will have no cause to exercise its authority to direct a plea withdrawal under this rule without information, and the Commonwealth most often is the only party with the means and incentive to provide that information to the court." **Commonwealth v. Herbert**, 85 A.3d 558, 568-69 (Pa. Super. 2014) (Wecht, J., concurring). Accordingly, a trial court will label its order "*sua sponte*," "even though the order in fact has issued in response to information provided by the Commonwealth." **Id.** at 569.

On January 30, 2015, Martinez filed a counseled PCRA petition seeking, *inter alia*, reinstatement of his original *nolo contendere* plea and negotiated sentence or, in the alterative, reinstatement of his direct appellate rights, *nunc pro tunc*. On May 22, 2015, the court reinstated Martinez's appellate rights, *nunc pro tunc*. Martinez subsequently filed a *pro se* notice of appeal and petition to remove counsel. Counsel also sought leave to withdraw and, on June 19, 2015, was granted leave to do so by the trial court. On March 31, 2016, this Court dismissed Martinez's *pro se* appeal for failure to file a brief.

On June 1, 2016, Martinez filed the instant counseled PCRA petition alleging, *inter alia*, that trial counsel was ineffective for failing to file an interlocutory appeal of the trial court's order withdrawing his January 2, 2014 *nolo contendere* plea.[2] After a hearing held on September 16 and 28, 2016, the PCRA court issued an order denying Martinez relief as to this ineffectiveness claim. This timely appeal follows, in which Martinez asserts that the PCRA court erred in failing to find trial counsel ineffective for failing to file an interlocutory appeal.

We begin by noting that our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error.

---

[2] In his June 1, 2016 petition, Martinez also challenged the trial court's deviation from the agreed-upon sentence. In an amended PCRA petition, filed with leave of court, Martinez also challenged the legality of one of his sentences. The Commonwealth conceded the merit of these two claims, and the PCRA court granted relief.

***Commonwealth v. Conway***, 14 A.3d 101 (Pa. Super. 2011). This Court grants great deference to the factual findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Martinez's sole appellate claim alleges the ineffectiveness of his trial counsel. Our standard of review of such claims is well-settled. First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. ***Commonwealth v. Thomas***, 783 A.2d 328, 332 (Pa. Super. 2001). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Turetsky,*** 925 A.2d 876, 880 (Pa. Super. 2007). A petitioner must show: (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id***. The failure to prove any one of the three prongs results in the failure of petitioner's claim. "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of

ineffectiveness is of arguable merit." **Commonwealth v. Taylor**, 933 A.2d 1035, 1041-42 (Pa. Super. 2007), citing **Commonwealth v. Pierce**, 645 A.2d 189, 194 (Pa. 1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." **Id.**, citing **Commonwealth v. Poplawski**, 852 A.2d 323, 327 (Pa. Super. 2004).

Here, Martinez asserts that he repeatedly asked his trial counsel, Matthew Potts, Esquire, to file an appeal of the trial court's order *sua sponte* withdrawing his *nolo contendere* plea. Attorney Potts did not file an appeal and, accordingly, Martinez asserts that he was ineffective. This claim is meritless.

Where a defendant clearly asks for an appeal and counsel fails to file one, a presumption of prejudice arises regardless of the merits of the underlying issues. **Commonwealth v. Donaghy**, 33 A.3d 12, 15 (Pa. Super. 2011), citing **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999). However, where a defendant has not clearly conveyed his wishes, counsel nonetheless has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either: (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. **Commonwealth v. Touw**, 781 A.2d 1250, 1254 (Pa. Super. 2001), citing **Roe v. Flores-Ortega**, 528 U.S. 470, 480 (2000). To obtain relief, the defendant must also show prejudice, which in these circumstances requires a

showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." ***Flores-Ortega***, 528 U.S. at 484.

Here, the trial court properly concluded that Attorney Potts was not ineffective because he had a reasonable basis for not filing an appeal – namely, that Martinez did not desire to pursue an appeal and was prepared to go to trial. At the hearing on Martinez's PCRA petition, Attorney Potts testified as follows:

> [DEFENSE COUNSEL]: Now, Mr. Potts, getting back to where we left off, on or after April 16th did you go visit Mr. Martinez over at Northampton County Prison to discuss the next steps in this case?
>
> A: I did.
>
> Q: And what did the two of you talk about?
>
> A: And it was either the day of or it was very close proximity to the 16th where Judge Giordano vacated the *nolo* plea. I went to the jail and again not being certain of whether or not [an appeal] would be successful, I did let [Martinez] know we may have some avenue to try and get the *nolo* plea, those terms back by filing some sort of an appeal. And what [Martinez] told me at that point was he was actually relieved the [j]udge vacated the plea because he wanted – at that point wanted to go to trial. That was the thrust of our conversation that day was essentially that [Martinez] at that point didn't want to pursue anything regarding an appeal or any kind of motions concerning trying to force the plea to happen. He was prepared to go to trial.

N.T. PCRA Hearing, 9/16/16, at 21-22.

Based on the foregoing testimony of Attorney Potts, which the PCRA court credited, Martinez clearly conveyed to counsel his wishes that no appeal or other action be taken on his behalf in an attempt to reinstate the *nolo*

*contendere* plea. Accordingly, Attorney Potts had a reasonable basis for his actions and Martinez cannot establish that counsel's performance was constitutionally deficient. He is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/18