J. S14045/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARCUS CHRISTIE, | : | No. 2324 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered July 19, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1200451-2004

BEFORE:  BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 20, 2020**

Marcus Christie appeals from the July 19, 2018 order entered by the Court of Common Pleas of Philadelphia County granting in part and denying in part[1] his second petition for relief pursuant to the Post Conviction Relief Act, ("PCRA") 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the following factual history:

> At about 11:43 p.m. on March 1, 2004, Police Officer Thomas Anderosky [], in response to a radio call, went to Franklin and Diamond Streets in Philadelphia.  He found the decedent, Dwight Johnson, lying unconscious partially outside the opened driver's door of a green Pontiac.  Although his feet were still in the car, it appeared that the rest of his body fell out of the car.  He appeared to have a head wound.  Ten fired

---

[1] The PCRA court granted appellant relief only as to his claim arising under the Supreme Court of the United States' decisions in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016).  The PCRA court's grant of relief is not subject to the instant appeal.

9mm cartridges and nine fired .40 caliber cartridges, as well as bullet fragments, were recovered from the scene. Portions of six other bullets were recovered from the car. One bullet fragment was removed from the head of the victim. The decedent was shot once through the forehead. The bullet passed through his brain and caused numerous fractures of the skull. The shot was fatal.

The Commonwealth presented three witnesses who at one time stated he or she was at or near the scene of the crime. Its first witness, Hiram Ramos, testified at this trial only that he knew both defendants[Footnote 1] and at the time of killing he was inside his grandmother's house at 2051 North Franklin Street when he heard several gunshots. Before the jury he denied seeing anyone commit the killing.

> [Footnote 1] As will be more fully set forth below, appellant was tried jointly with his co-defendant, Ramon Cintron.

The Commonwealth then questioned the witness concerning several statements he gave to the police as well as his prior testimony given at appellant's preliminary hearing that were inconsistent with his trial testimony. Specifically, just a few hours after the shooting, homicide detectives interview Mr. Ramos. He told the detectives he was inside a house at 2108 N. 8th Street when he heard gunshots. He went to the door and saw decedent, whom he knew, standing by the green car. More gunshots erupted. The victim was struck and someone who was shooting jumped into the car and the car, being driven by a female, drove off. He then went to Franklin and Diamond Streets where he again saw a car with the decedent being dragged out of it.

On August 2, 2004, homicide detectives again interviewed Mr. Ramos. At that time, he was incarcerated at Camp Hill and the interview occurred at the prison. In that interview, he stated shortly before the shooting he saw the decedent by the green

car. He also saw appellant, his co-defendant and others standing on the street. Ramos went home. About ten minutes later, he saw two people shooting from inside a car into the green car. After the shooting stopped, he saw the co-defendant flee and he also saw [] appellant jump into a car and it sped off. On November 23, 2004, prior to appellant's preliminary hearing he again spoke with the detectives. He told the detectives he saw appellant and his co-defendant shoot the decedent. Despite these statements made to police, at trial, Ramos testified repeatedly that he did not see [appellant] commit the shooting.[Footnote 2]

> [Footnote 2] The jury received proper instructions regarding how to analyze witness testimony generally as well as Mr. Ramos specifically.

PCRA court opinion, 7/8/19 at 1-3 (extraneous capitalization and citations to the record omitted).

A jury convicted appellant of first-degree murder and conspiracy[2] on March 9, 2006, and the trial court sentenced appellant to life imprisonment, plus a consecutive sentence of 18-36 years' imprisonment. Appellant appealed and this court affirmed his judgment of sentence on May 30, 2008. *Commonwealth v. Christie*, 954 A.2d 33 (Pa.Super. 2008) (unpublished memorandum). Appellant did not seek a petition for allowance of appeal with our supreme court.

Appellant filed his first *pro se* PCRA petition on September 26, 2008. The PCRA court dismissed appellant's petition and this court affirmed the PCRA

---

[2] 18 Pa.C.S.A. §§ 2502(a) and 903(a), respectively.

court's dismissal on February 7, 2014. *Commonwealth v. Christie*, 97 A.3d 795 (Pa.Super. 2014) (unpublished memorandum). Our supreme court denied appellant's petition for allowance of appeal. *Commonwealth v. Christie*, 96 A.3d 1025 (Pa. 2014).

Appellant filed the instant PCRA petition *pro se* on April 6, 2015. Appellant subsequently filed two amended PCRA petitions. On July 18, 2018, the PCRA court granted appellant's petition in part and denied it in part without a hearing.[3]

Appellant filed a timely notice of appeal. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal and appellant timely complied. The PCRA court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> [I.] Whether the *Brady*[4] claims have arguable merit in which case they are timely?
>
> II. Whether the PCRA court denied procedural due process when [it] refused to hold an evidentiary hearing on the *Brady* claims based on newly discovered facts?

---

[3] We note that this court has recognized that a PCRA court's order granting in part and denying in part all issues raised in a PCRA petition is a final order for the purposes of an appeal. *Commonwealth v. Grove*, 170 A.3d 1127, 1138 (Pa.Super. 2017), *appeal denied*, 185 A.3d 967 (Pa. 2018), citing *Commonwealth v. Watley*, 153 A.3d 1034, 1039 n.3 (Pa.Super. 2016), *appeal denied*, 169 A.3d 574 (Pa. 2017). *See also Commonwealth v. Gaines*, 127 A.3d 15, 17-18 (Pa.Super. 2015) (*en banc*).

[4] *See Brady v. Maryland*, 373 U.S. 83 (1963).

> [III.] Whether the PCRA court erred and denied procedural due process of law when [it] did not issue a Rule 907 notice of intent to dismiss before dismissing claims resented [sic] in the PCRA petition?

Appellant's brief at 2 (full capitalization omitted; bolding and italics added).[5]

Before we can address the merits of appellant's appeal, we must first determine whether we have jurisdiction to do so. The PCRA requires that any petition for collateral relief be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa.Super. 2014), quoting 42 Pa.C.S.A. § 9545(b)(3).

Here, appellant's judgment of sentence became final on June 29, 2008, following the conclusion of the period in which appellant could have filed a petition for allowance of appeal with our supreme court. **See** Pa.R.A.P. 1113(a). Appellant filed the instant PCRA petition on April 6, 2015—over six years after his judgment of sentence became final and over five years after a PCRA petition could be considered timely. **See** 42 Pa.C.S.A. § 9545(b)(1). Accordingly, appellant's petition is facially untimely.

---

[5] For ease of discussion, we re-ordered appellant's issues.

A petitioner may only file a PCRA petition beyond one year of the date the judgment of sentence becomes final if:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> "[T]he time limitations pursuant to . . . the PCRA are jurisdictional." ***Commonwealth v. Fahy***, [] 737 A.2d 214, 222 ([Pa.] 1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." ***Id.*** "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa.Super. 2008).

***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa.Super. 2011), ***appeal denied***, 47 A.3d 845 (Pa. 2012). In cases in which a petitioner is claiming an exception to the PCRA time-bar, the petition must be filed within 60 days of

the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2) (amended).[6]

We begin with our well-settled standard of review for the denial of PCRA relief.

> "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Hanible*, [] 30 A.3d 426, 438 ([Pa.] 2011) (citing *Commonwealth v. Colavita*, [] 993 A.2d 874, 886 ([Pa.] 2010)). We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Id.* With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. *See Commonwealth v. Reid*, [] 99 A.3d 470, 485 ([Pa.] 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Roney*, [] 79 A.3d 595, 603 ([Pa.] 2013). The denial of an appellant's request for discovery is reviewed for abuse of discretion. *Id.*

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

---

[6] We note that the General Assembly amended Section 9545(b)(2) to require PCRA petitioners invoking an exception to the time-bar to file a petition within one year of the date the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018. The amendment, however, only applied to claims arising after December 24, 2017. Accordingly, the amendment does not apply to the instant case.

In his first issue[7], appellant avers to have met two exceptions to the PCRA time-bar: governmental interference and newly discovered evidence. (Appellant's brief at 8-9.) In order to raise a governmental interference claim in the context of a facially untimely PCRA, a petitioner is,

> required to plead and prove that his "failure to raise the claim [or claims] *previously* was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States...." 42 Pa.C.S.[A.] § 9545(b)(1)(i) (emphasis added).

***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (emphasis in original). Our supreme court has stated that allegations of government interference in the form of a ***Brady*** violation does not relieve a petitioner of his or her obligation to exercise due diligence.

> Although a ***Brady*** violation may fall within the governmental interference exception [to the PCRA time-bar], the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, ***and*** the

---

[7] We note that appellant failed to divide the argument section of his brief into as many parts as there are questions to be answered pursuant to Pa.R.A.P. 2119(a). We have the authority to dismiss appeals for failing to comply with the Rules of Appellate Procedure and will do so in cases where such a failure hinders our ability to conduct meaningful appellate review. ***In re R.D.***, 44 A.3d 657, 674 (Pa.Super. 2012), ***appeal denied***, 56 A.3d 398 (Pa. 2012), citing ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa.Super. 2007), ***appeal denied***, 940 A.2d 362 (Pa. 2008); ***see also*** Pa.R.A.P. 2101 (requiring that briefs conform with all material aspects of the relevant Rules of Appellate Procedure and granting appellate courts the power to quash or dismiss appeals in cases where defects in the brief are substantial). Here, because our ability to conduct meaningful appellant review has not been hindered despite appellant's violation of Rule 2119(a), we will not dismiss this appeal.

> information could not have been obtained earlier with the exercise of due diligence. [***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001).] Section 9545(b)(1)(ii)'s exception requires the facts upon which the ***Brady*** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. ***Commonwealth v. Lambert***, [] 884 A.2d 848, 852 ([Pa.] 2005). In [***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007),] we clarified that § 9454(b)(1)(ii)'s exception does not contain the same requirements as a ***Brady*** claim, noting "we made clear the exception set forth in (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." ***Bennett***, [930 A.2d] at 1271 (quoting ***Lambert***, [884 A.2d] at 852).

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008), ***cert. denied sub nom. Abu-Jamal v. Pennsylvania***, 555 U.S. 916 (2008); ***see also Commonwealth v. Smith***, 194 A.3d 126, 133 (Pa.Super. 2018), ***appeal denied***, 208 A.3d 64 (Pa. 2019).[8]

Our supreme court has defined due diligence as follows: "Due diligence 'does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort' to obtain the information upon which

---

[8] Appellant contends that ***Brady*** violations are not subject to the PCRA timeliness requirements. (Appellant's brief at 10.) In support of his argument, appellant cites a federal appeals case from the United States Court of Appeals for the Second Circuit, ***Lewis v. Connecticut Com'r of Correction***, 786 F.3d 176 (2d Cir. 2015). We note that federal district and intermediate appellate court decisions are not binding on this court; however, they may be considered as persuasive authority. ***Commonwealth v. Herbert***, 85 A.3d 558, 565 n.8 (Pa.Super.2014), citing ***McEwing v. Lititz Mut. Ins. Co.***, 77 A.3d 639, 648 n.7 (Pa.Super. 2013) (citation omitted).

a claim is based." ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016),

quoting ***Commonwealth v. Edmiston***, 65 A.3d 339, 348 (Pa. 2013), ***cert.***

***denied sub nom. Edmiston v. Pennsylvania***, 571 U.S. 1026 (2013).

Here, appellant's discussion as to the due diligence he exercised is as

follows:

> In the case at bar, it is beyond reasonable debate that the witness has the final say regarding if, as and when he will come forward and give a statement. With respect to a PCRA petition, Petitioner cannot present the claim until the witness is willing to come forward and give a sworn statement or an affidavit.

Appellant's brief at 12.

Appellant, however, provides no explanation as to when Ramos came

forward and gave a statement. Therefore, appellant neither pleads nor proves

that he filed the instant PCRA petition within 60 days of learning that Ramos'

statements to the police "were a product of coercion, intimidation, and

coaching[,]" on the part of the police. ***See*** 42 Pa.C.S.A. § 9545(b)(2)

(amended) (requiring petitioners claiming an exception to the PCRA time-bar,

to file petition within 60 days of the date the claim could have been

presented). Accordingly, appellant has failed to plead or prove the

government interference exception to the PCRA time-bar.

Our inquiry cannot end here. Appellant also contends that he has met

the after-discovered evidence exception of the PCRA time-bar.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his

- 10 -

petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, [], 395, 930 A.2d 1264, 1271 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, [], 781 A.2d 94, 98 ([Pa.] 2001); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa.Super. 2010), ***appeal denied***, [], 20 A.3d 1210 ([Pa.] 2011). This rule is strictly enforced. ***Id.*** Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, [], 596, 947 A.2d 714, 720 ([Pa.] 2008) (emphasis in original).

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. ***Bennett***, [], 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" ***Id.*** Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii); ***Bennett***, ***supra***. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, inter alia, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.
>
> **Bennett**, [], 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. **Id.** [] at 1271.

**Commonwealth v. Brown**, 111 A.3d 171, 176-177 (Pa.Super. 2015), **appeal denied**, 125 A.3d 1197 (Pa. 2015).

Here, appellant raises a new-facts claim in the form of affidavits from Ramos, John Sullivan, and Omar Johnson. Appellant, however, fails to include any discussion or explanation as to why he could not have learned of the testimony proffered by Sullivan or Johnson earlier with the exercise of due diligence. **See Breakiron**, 781 A.2d at 98; **Monaco**, 996 A.2d at 1080. Indeed, appellant's discussion of the Sullivan and Johnson affidavits is limited to the following:

> Mr. Sullivan's affidavit indicates that [appellant] was not present the night of the shooting. Omar Johnson indicates that [appellant] was not the shooter and he identified Mark Burnett as the shooter.

Appellant's brief at 9. Our review of the record reveals that appellant also failed to include any such explanation in his PCRA petition.

Moreover, appellant neither pleads nor proves that he filed the instant petition within 60 days of learning of Sullivan's and Johnson's proffered testimony. Indeed, in his affidavit, Sullivan notes that he saw appellant for the first time since the incident at issue years later in the prison dining hall. (*See* Sullivan affidavit, 2/12/15 at 1.) Neither Sullivan nor appellant, however, disclose how much time had elapsed between Sullivan and appellant's meeting in the prison dining hall and Sullivan's signing the affidavit at issue. Johnson's affidavit is dated December 10, 2009—over four years before the instant PCRA petition was filed.

Accordingly, we find that appellant has failed to plead or prove any of the exceptions to the PCRA time-bar, and we do not have jurisdiction to review the merits of appellant's petition.

In his second issue, appellant avers that the PCRA court erred when it refused to hold an evidentiary hearing on the ***Brady*** claims based on newly discovered facts. (Appellant's brief at 2.) As noted above, "[w]ith respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Mason***, 130 A.3d at 617, citing ***Reid***, 99 A.3d at 485.

Here, appellant baldly claims that he was entitled to an evidentiary hearing, "at minimum." (Appellant's brief at 13.) Appellant further claims that, "[h]e presented a strong showing that a miscarriage of justice occurred.

There were genuine issues of material fact that require a fair hearing in a fair tribunal." (**Id.**) Based on our review of the record, we find that the PCRA court did not abuse its discretion when it denied appellant's request for an evidentiary hearing. Accordingly, appellant's second issue is without merit.

Finally, appellant contends that the PCRA court erred and denied appellant procedural due process when it did not issue a notice of its intention to dismiss appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. (Appellant's brief at 6.) As noted by appellant,

> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

This court has held that "failure to issue [a] Rule 907 notice is not reversible error where the record is clear that the petition is untimely." **Commonwealth v. Zeigler**, 148 A.2d 849, 851 n.2 (Pa.Super. 2016), citing **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa.Super. 2013); **see also**

*Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000). Here, as discussed in detail *supra*, the record is clear that the instant PCRA petition, with the exception of the issue on which the PCRA court granted relief, is untimely. Accordingly, the PCRA court did not commit a reversible error when it failed to issue a Rule 907 notice.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/20/2020*